IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02729-PAB-KMT

ARTHUR LEE ALFRED II,
EZEQUIEL MARTINEZ, JR., and
TOVA LAITER,

    Plaintiffs,

v.

THE WALT DISNEY COMPNAY, a Delaware Corporation,
DISNEY ENTERPRISES, INC., a Delaware Corporation,
WALT DISNEY MOTION PICTURES GROUP, INC, a California Corporation,
DISNEY CONSUMER PRODUCTIONS, INC., a California Corporation,
DISNEY CONSUMER PRODUCTIONS AND INTERACTIVE MEDIA, INC., a California Corporation,
DISNEY BOOK GROUP, LLC, a Delaware Limited Liability Company,
DISNEY INTERACTIVE STUDIOS, INC., a California Corporation,
DISNEY STORE USA, LLC, a Delaware Corporation,
WALT DISNEY ATTRACTIONS TECHNOLOGY, LLC, a Delaware Limited Liability Company,
WALT DISNEY THEATRICAL RECORDINGS, a California Corporation,
WALT DISNEY PARKS AND RESORTS WORLDWIDE, a Florida Corporation,
ABC, INC., a New York Corporation,
BUENA VISTA HOME ENTERTAINMENT, INC., a California Corporation,
BUENA VISTA MEDIA, a California Corporation,
BUENA VISTA PRODUCTIONS; a California Corporation,
BUENA VISTA THEATRES, INC.; a California Corporation,
BUENA VISTA THEATRICAL GROUP LTD., New York Corporation,
BUENA VISTA VIDEO ON DEMAND, a California Corporation,
BUENA VISTA BOOKS, INC., a California Corporation,
BUENA VISTA CATALOGUE CO., a California Corporation,
BUENA VISTA NON-THEATRICAL, INC., a California Corporation, and
JOHN and JANE DOES 1-10, inclusive,

    Defendants.

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue [Docket No. 46]. Defendants request that the Court dismiss the case for lack of personal jurisdiction or transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). Docket No. 46 at 15.

Plaintiffs Arthur Lee Alfred II and Ezequiel Martinez, Jr. are screenwriters and Tova Laiter is their producer. Docket No. 1 at 6, ¶¶ 16, 19. All three are California residents. Docket No. 1 at 4, ¶ 5. They created a "spec" screenplay for a movie about pirates, which they re-titled "Pirates of the Caribbean" after the name of a ride at defendants' theme parks. *Id*. at 7, ¶¶ 24-26. Plaintiffs attempted to sell their spec screenplay to defendants. *Id.*, ¶¶ 27-29. Defendants consist of The Walt Disney Company,[1] a well-known media conglomerate, and a number of its subsidiaries as well as unnamed individuals. *Id*. at 1. Defendants declined to purchase plaintiffs' spec screenplay, but later produced a number of movies using the "Pirates of the Caribbean" name and sold merchandise related to the movies. *Id*. at 1-2, 9, ¶¶ 41, 49.

On November 14, 2017, plaintiffs filed their complaint for copyright infringement against defendants. Docket No. 1. Plaintiffs claim that defendants copied the copyrightable elements of their spec screenplay and used them in defendants' movies and other products. *See, e.g., id*. at 14, ¶ 49. On February 12, 2018, defendants filed their motion to dismiss or transfer. Docket No. 46.

---

[1] As a result of an apparent typographical error, the caption refers instead to the "THE WALT DISNEY COMPNAY." Docket No. 1 at 1.

The Court may address whether transfer is appropriate under 18 U.S.C. § 1404 without first determining whether it has personal jurisdiction, and the Court does so here. *See First Health Grp. Corp. v. Allcare Health Mgmt. Sys., Inc.*, 2001 WL 686777, at *1 (N.D. Ill. June 15, 2001) ("Under 28 U.S.C. § 1404(a), a motion for transfer may be granted without first making a determination regarding personal jurisdiction." (citing *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964); *Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295, 297-98 (5th Cir. 1963))); *Dworin v. Deutsch,* 2006 WL 3095945, at *2 (D.N.J. Oct. 30, 2006) ("Where a defendant has challenged a court's power over his person and, at the same time, has moved alternatively for transfer, the interests of judicial economy are best served by initial address of the transfer issue." (internal quotation marks omitted)); *Mining & Energy Int'l Corp. v. Naylor*, No. 04-cv-00179-WDM-BNB, 2005 WL 1994242, at *1 (D. Colo. Aug. 16, 2005). Section 1404(a) of Title 28 provides, in pertinent part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). To warrant a transfer, the moving party must establish that: "(1) the action could have been brought in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum." *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D.

Colo. 2005) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)).

Plaintiff does not dispute that the Central District of California would be a proper venue. *See* Docket No. 50; 28 U.S.C. § 1391(b)(2).

In determining whether transfer is appropriate for the convenience of the parties and the interest of justice, courts consider factors including

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted).

Plaintiffs chose this forum, but that choice bears little if any weight here because plaintiffs do not reside in this district and the "facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (internal quotation marks omitted). Indeed, it is because of the complete lack of any significant connection between Colorado and this lawsuit that the Court finds that all other relevant factors overwhelmingly favor transfer, namely, accessibility of witnesses and other evidence, costs of making necessary proof, and practical considerations that would make a trial easy. Plaintiff does not dispute that all of the main events at issue in this lawsuit occurred in California, including the creation of the spec screenplay, plaintiffs'

4

attempted sale of the screenplay, and defendants' production of the "Pirates of the Caribbean" movies. See Docket No. 50 at 8-9. While plaintiffs argue that defendants have not "present[ed] sufficient facts demonstrating inconvenience," the facts presented by defendants show that, in contrast to California, nobody with any connection to the facts at issue has ties to Colorado. *Id*. at 8; *see also Employers Mut. Cas. Co.*, 618 F.3d at 1169 ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." (internal quotation marks omitted)).

Plaintiffs argue that transfer would be inconvenient because their attorneys live in Colorado and are not admitted to practice in California or any federal court there. Docket No. 50 at 7. As defendants point out, however, convenience to counsel is not a factor in the analysis. Docket No. 51 at 7 (citing *S.E.C. v. Kasirer*, 2005 WL 645246, at *2 (N.D. Ill. Mar. 21, 2005)); *see also In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("[C]onvenience of counsel is not a factor to be considered." (citing *Chicago, Rock Island and Pacific R. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)); *cf. Crop Hail Mgmt. v. Fed. Crop Ins. Corp.*, 1994 WL 1890927, at *2 (N.D. Miss. Oct. 7, 1994) ("The choice or convenience of counsel is the least important consideration in resolving an issue of this nature." (internal quotation marks omitted)). Because the relevant factors overwhelmingly favor transfer, the Court will order this case transferred to the Central District of California.

Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue [Docket No. 46] is **GRANTED** in part. It is further

**ORDERED** that, pursuant to 18 U.S.C. § 1404(a), this case is transferred to the United States District Court for the Central District of California.

DATED September 14, 2018.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
United States District Judge