1  GLENN D. POMERANTZ (State Bar No. 112503)
   glenn.pomerantz@mto.com
2  MELINDA E. LEMOINE (State Bar No. 235670)
   melinda.lemoine@mto.com
3  JORDAN D. SEGALL (State Bar No. 281102)
   jordan.segall@mto.com
4  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
5  Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
6  Facsimile:  (213) 687-3702

7  J. MAX ROSEN (State Bar No. 310789)
   max.rosen@mto.com
8  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
9  Twenty-Seventh Floor
   San Francisco, California 94105-2907
10 Telephone:  (415) 512-4000
   Facsimile:  (415) 512-4077
11
12 *Attorneys for Defendants The Walt Disney*
   *Company, et al.*

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 ARTHUR LEE ALFRED II, et al.,          | Case No. 2:18-cv-08074-CBM-AS

17              Plaintiffs,               | **DEFENDANTS' REQUEST FOR
                                          | JUDICIAL NOTICE**
18
       vs.                               |
19                                         Judge:  Hon. Consuelo B. Marshall
20 THE WALT DISNEY COMPANY, et             Date:   January 2, 2019
   al.,                                    Time:   10:00 a.m.
21                                         Ctrm:   8B
              Defendants.
22

23

24

25

26

27

28

---

1   **I.    INTRODUCTION**

2         Defendants ask the Court to consider certain works in deciding Defendants'

3   Motion to Dismiss Plaintiff's Complaint.  These works may be considered on a

4   motion to dismiss because all of them are incorporated by reference in the

5   Complaint, and because their elements are properly subject to judicial notice.

6         Defendants ask the Court to take judicial notice of the following works:

7         1.     The motion picture *Pirates of the Caribbean: The Curse of the Black*

8   *Pearl*, Exhibit 1 to the Declaration of J. Max Rosen ("Rosen Decl."), which has

9   been concurrently lodged;

10        2.     The motion picture *Pirates of the Caribbean: Dead Man's Chest*,

11  Exhibit 2 to the Rosen Decl., which has been concurrently lodged;

12        3.     The motion picture *Pirates of the Caribbean: At World's End*, Exhibit

13  3 to the Rosen Decl., which has been concurrently lodged;

14        4.     The motion picture *Pirates of the Caribbean: On Stranger Tides*,

15  Exhibit 4 to the Rosen Decl., which has been concurrently lodged;

16        5.     The motion picture *Pirates of the Caribbean: Dead Men Tell No Tales*,

17  Exhibit 5 to the Rosen Decl., which has been concurrently lodged;

18        6.     The key audio, visual, and plot elements of Disney's Pirates of the

19  Caribbean theme park rides at Disneyland and Disney World, as evidenced by

20  Exhibit 6 to the Rosen Decl. and Exhibits 1 and 2 to the Declaration of Diego

21  Parras, which have been concurrently lodged.

22  **II.   The Court Should Consider the Above Works in Resolving Defendants'
        Motion to Dismiss**

23

24        **A.    The Court May Consider Works That Are Incorporated Into the
                Complaint by Reference, or Subject to Judicial Notice, on a Motion
                to Dismiss**

25

26        In deciding a motion to dismiss, the Court may consider "materials whose

27  contents are alleged in or incorporated by reference to the complaint for purposes of

28  a motion to dismiss."  *Newt v. Twentieth Century Fox Film Corp.*, No. 15-cv-02278-

-1-

1  CBM-JPRx, 2016 WL 4059691, at *3 n.4 (C.D. Cal. Jul. 27, 2016) (Marshall, J.),

2  *accord Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Even where a

3  complaint "does not explicitly allege the contents" of certain materials, such

4  materials may be considered where "the plaintiff's claim depends on the contents of

5  a document, the defendant attaches the document to its motion to dismiss, and the

6  parties do not dispute the authenticity of the document."  *Knievel*, 393 F.3d at 1076

7  (considering screenshots of a website and a CD allowing a viewer to explore the

8  web-site, when the plaintiff's claim depended on the contours of the web-site).

9        Additionally, under Federal Rule of Evidence 201, the Court may judicially

10  notice a fact that is not subject to reasonable dispute if it "(1) is generally known

11  within the trial court's territorial jurisdiction; or (2) can be accurately and readily

12  determined from sources whose accuracy cannot reasonably be questioned."  *Welk*

13  *v. Beam Suntory Imp. Co.,* 124 F. Supp. 3d 1039, 1041 (S.D. Cal. 2015).  The Court

14  may consider facts subject to judicial notice at the dismissal stage without

15  converting Defendants' motion to dismiss into one for summary judgment.  *Mullis v.*

16  *U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

17        **1.    Works 1–5 (the *Pirates of the Caribbean* motion pictures)**

18        Defendants are lodging with the Court as Exhibits 1 through 5 to the Rosen

19  Declaration the official DVDs of the *Pirates of the Caribbean* motion pictures.

20        These works are incorporated by reference into the Complaint, and are central

21  to Plaintiffs' copyright claims.  (*See* Compl. ¶ 13; pp. 9–10 (¶¶ 49–52)[1]; pp. 14–23

22  (¶¶ 50, 63, 77, 91, 105).)  No party can question the authenticity of the motion

23  pictures attached to the Rosen Declaration.  Thus, these works, and these Exhibits,

24  are incorporated into the Complaint by reference, and the Court should consider

25  them in resolving Defendants' Motion to Dismiss.  *See, e.g.*, *Newt*, 2016 WL

26

27  ─────────────────────

28  [1] On page 14, the Complaint resets to ¶ 47.  Defendants thus use page numbers to
    make clear which paragraphs are being referenced.

4059691, at *2–3 (taking judicial notice of television series plaintiff alleged was substantially similar to his works); *Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1144–45 (C.D. Cal. 2015) (taking judicial notice of plaintiff's screenplay and defendant's motion picture in copyright case).

The five motion pictures are also independently subject to judicial notice as successful works that are generally known within the Court's jurisdiction. The contents of each can be accurately and readily determined from the Exhibits, which are authentic reproductions of the films.

### 2.  Work 6 (the Theme Park Rides)

As noted in Defendants' Motion to Dismiss, the Court should grant Defendants' motion whether or not it ultimately takes into consideration the elements of Disney's *Pirates of the Caribbean* Theme Park Ride (the "Ride"). To the degree the Court finds it useful to do so, however, it should consider the key audio, visual and plot elements of the Ride, which are repeatedly referenced in the Complaint and which, in any event, are properly subject to judicial notice. These key audio, visual and plot elements are detailed in sources whose authenticity cannot be questioned. Exhibit 6 to the Rosen declaration is an excerpt from a book by Jason Surrell titled *Pirates of the Caribbean: From the Magic Kingdom to the Movies* (2005), which describes in detail the elements of the ride; and Exhibits 1 and 2 to the Parras declaration is a DVD containing a video of the ride filmed in 2006 at Walt Disney World in Orlando, Florida. These Exhibits describe the following relevant elements:

1.  a boat-shaped vehicle on which attendees ride down a waterfall into a dark cavern, and on which they remain for the duration of the ride;

2.  numerous pirate skeletons (including two pierced with swords, and at least one that speaks);

3.  voices intoning "dead men tell no tales";

4.  a skeleton looking at a treasure map;

5.      the iconic theme song, *Yo ho Yo ho, a Pirate's life for me*;

6.      the depiction of pirate ships appearing in storms and dark weather;

7.      a skeleton piloting a pirate ship;

8.      a treasure that is referred to as cursed;

9.      skeleton pirates wearing black hats;

10.     a battle between a pirate ship and a Spanish fort;

11.     a Spanish townsperson named "Carlos";

12.     a sign reading "Take a Wench Fer Yer Bride," surrounded by a number of female characters, including a prominent redhead;

13.     pirates and sailors drunk on rum;

14.     the ride ending with a boat moving up a waterfall.

Defendants request that the Court take judicial notice of these elements.  First, the court may consider these elements, and the materials describing them, because they are incorporated by reference into Plaintiff's Complaint.  That Complaint, and the exhibits attached to it, repeatedly reference the elements of the ride and acknowledge that these elements were incorporated into Plaintiffs' screenplay and inspired the Defendants' motion pictures.  (*See* Compl. ¶ 26 ("[B]oth writers realized that the ride had 'no story' and they began to envision their screenplay incorporating the basic elements of the *Pirates of the Caribbean* ride while creating a new story focused upon a supernatural element."); *id.* ¶ 31 ("Taylor suggested that the idea of a film based on the *Pirates of the Caribbean* ride had been suggested over the years and that the Defendants had considered making a film based on the *Pirates of the Caribbean* ride recently."); *id.* ¶ 42 ("At no point during the conversation did the Defendants state that they had another screenplay already and were moving forward with a '*Pirates of the Caribbean*' film project."); Compl. Ex. 1-1 ("Screenplay") at 91 ("The boat continues sailing through the cavern like the DISNEYLAND RIDE, 'PIRATES OF THE CARIBBEAN'."); Compl. Ex. 1-2 (Letter from Laiter to Tailor: "I feel that our script is more in line with the image

-4-

1  and expectations families associate with the Disney ride … Please let me know as

2  soon as possible as I have a draft that does not have the Disney song or the Ride

3  references that I plan to take to other studios.").)

4        Elements of the ride that were incorporated into Plaintiffs' screenplay are not

5  original to it; thus, the merits of Plaintiffs' claim depends on these elements, and

6  they should be considered on a motion to dismiss.  *See Knievel*, 339 F.3d at 1073–74

7  (finding, in the context of a defamation case, that the complaint necessarily

8  "depended on" the contents of web pages surrounding an allegedly defamatory

9  remark as the meaning of the remark must be assessed "in the context in which it

10 was used," and further holding that these contents, as demonstrated by screenshots

11 of the surrounding webpages and a walkthrough of the website, could be considered

12 at the pleading stage).

13       The Court may also take judicial notice of the elements of the Ride.  These

14 basic elements of the Ride, as described above, are generally known within the trial

15 court's territorial jurisdiction—and are certainly known to Plaintiffs, as they allege

16 in their Complaint.  These elements are not subject to dispute, and can be accurately

17 and readily determined from sources whose accuracy cannot reasonably be

18 questioned.  (*See* Rosen Decl. Ex. 6; Parras Decl. Exs. 1–2.)  Courts frequently rely

19 on similar sources to take judicial notice of elements that are not original to a

20 plaintiff's work in order to properly filter out unoriginal elements at the pleading

21 stage.  *See, e.g.*, *Fillmore v. Blumhouse Prods., LLC*, No. 2:16-CV-04348-AB-SS,

22 2017 WL 4708018, at *3 (C.D. Cal. July 7, 2017) (taking judicial notice of, *inter

23 alia*, the fact that Lazarus was a Biblical Figure, that certain terms had been used in

24 medical literature, that the name Lazarus had been used in "numerous expressive

25 works regarding death and resurrection," and that "[b]ringing the dead back to life is

26 a common element in horror, fantasy, and science fiction"); *Heusey v. Emmerich*,

27 No. CV 14-06810-AB (EX), 2015 WL 12765115, at *4–5 (C.D. Cal. Apr. 9, 2015)

28

(taking judicial notice of numerous historical facts that were shared by, and not original to, the works at issue).

## III.   CONCLUSION

Defendants respectfully request that the Court consider these works in deciding Defendants' Motion to Dismiss.


DATED:  November 16, 2018          MUNGER, TOLLES & OLSON LLP

                                   By:      /s/ Melinda E. LeMoine
                                   _____
                                   MELINDA E. LEMOINE
                                   Attorneys for Defendants The Walt Disney
                                   Company, et al.