```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3        HONORABLE ANDREW J. GUILFORD, JUDGE PRESIDING

 4   ARTHUR LEE ALFRED, II, ET AL.,  )
                                     )
 5                                   )
                                     )
 6                Plaintiffs,        )
                                     )
 7                                   )
                                     )
 8        Vs.                        )  No. LACV-18-08074-CBM
                                     )
 9                                   )
                                     )
10   THE WALT DISNEY COMPANY, ET AL.,)
                                     )
11                                   )
                                     )
12                Defendants.        )
                                     )
13   _____)

14

15

16           REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                      MOTION HEARING

18                  LOS ANGELES, CALIFORNIA

19                MONDAY, FEBRUARY 19, 2019

20

21

22           MIRIAM V. BAIRD, CSR 11893, CCRA
             OFFICIAL U.S. DISTRICT COURT REPORTER
23           411 WEST FOURTH STREET, SUITE 1-053
                SANTA ANA, CALIFORNIA 92701
24                   MVB11893@aol.com

25
```

<u>**A P P E A R A N C E S**</u>

| | |
|---|---|
| **IN BEHALF OF THE PLAINTIFF, ARTHUR LEE ALFRED, ET AL.,:** | AVERY HO YUAN TAM<br>LAW OFFICE OF JAMES TAM<br>428 SOUTH ATLANTIC BOULEVARD<br>SUITE 305<br>MONTEREY PARK, CA 91754<br><br>ELIZABETH THOMAS<br>1465 NORTH UNION BOULEVARD<br>SUITE 101<br>COLORADO SPRINGS, CO 80909 |
| **IN BEHALF OF THE DEFENDANT, THE WALT DISNEY COMPANY, ET AL.:** | MUNGER TOLLES AND OLSON LLP<br>MELINDA E. LE MOINE<br>JORDAN SEGALL<br>355 SOUTH GRAND AVENUE<br>35TH FLOOR<br>LOS ANGELES, CA 90071 |

```
 1    SANTA ANA, CALIFORNIA; MONDAY, FEBRUARY 19, 2019; 1008
 2                            ---
 3           THE CLERK:  CV18-08074-CBM Arthur Lee Alfred, et
 4    al, vs. The Walt Disney Company, et al.
 5           MS. LE MOINE:  Melinda LeMoine of Munger Tolles for
 6    defendant.
 7           MR. TAM:  Avery Tam for plaintiff.
 8           MR. SEGALL:  With me I have Jordan Segall from
 9    Munger Tolles, my colleague.
10           MS. THOMAS:  Elizabeth Thomas for the plaintiffs.
11           THE COURT:  This is Judge Marshall.  I'm
12    participating remotely.  I didn't want to continue the
13    matter.  So I'm not able to be in Los Angeles today, but I
14    thought it important that we go forward with this hearing.
15    The matter before the Court is defendant's motion to dismiss.
16    I do have a few questions or want to give both sides an
17    opportunity to address the motion.  The I have some tentative
18    rulings.  Why don't I state the tentative first.  That may
19    help the parties in terms of where you want to make your
20    argument.
21           Defendants request the Court take judicial notice
22    of certain items.  The Court grants that request as to
23    Numbers 1 through 5 and 7.  The request is denied as to item
24    six because -- because what I'm being asked to take judicial
25    notice of is excerpts from the book *Pirate of the Caribbean*
```

1   *from the Magic Kingdom to the Movie.*  That book is not
2   alleged in the complaint, or at least I don't see it.  So
3   that might be something that plaintiffs' counsel may want to
4   comment upon if you think it's there.
5            Other findings, so the Court can find as a matter
6   of law that works are not substantially similar on a 12(b)(6)
7   motion.  In this case, the tentative finding is to find that
8   the works, as alleged in the complaint with which the Court
9   is making the comparison, are not substantially similar as a
10  matter of law under the extrinsic test.  One question is
11  whether the Court grants this motion with or without
12  prejudice.
13           Plaintiffs have asked that the Court give leave to
14  amend.  So I'd like to have plaintiffs' counsel address what
15  at this point based on what you know, what is it that you
16  think you could further allege that will support a -- a leave
17  to amend, and how does the complaint, as you alleged it, what
18  else would you allege that is infringing on the screenplay
19  without violating Rule 11?
20           So those are my tentative findings and the issues
21  that I think will be helpful to have the parties address.
22           So plaintiffs' counsel, first.
23           MR. TAM:  Your Honor, could you repeat a portion of
24  that tentative?  It was difficult to hear you.
25           THE COURT:  What part of the tentative?  The ruling

1    on the matters for which the Court has been asked to take
2    judicial notice?
3         MR. TAM: On the 12(b)(6), Your Honor.
4         THE COURT: The 12(b)(6) is just that at this point
5    the tentative is to find that the works as alleged in the
6    complaint that the Court is comparing for purposes of this
7    motion that the Court would find that they are not
8    substantially similar as a matter of law. So the inquiry
9    that the Court is making is that -- if that is the Court's
10    ultimate ruling, it appears that plaintiff is asking for
11    leave to amend.
12         Based on what you know now, what could you add to
13    this complaint that is not already there that would, in your
14    opinion, support a different ruling? Were you able to hear
15    me?
16         MR. TAM: Yes, Your Honor.
17         THE COURT: Okay. So leave to amend. You're
18    facing Rule 11. So you have to have some basis for an
19    amended complaint. So what is it, without conducting
20    discovery, that you feel that you could allege if the Court
21    were to give you an opportunity to amend?
22         MS. THOMAS: Your Honor, I believe that we could
23    allege additional similarities if we were allowed the
24    opportunity to amend --
25         THE COURT: Like what -- just give me an example?

1           MS. THOMAS:  Your Honor, we do have some other
2    screenplays that were used that were not written by our
3    client, but that were used and noted as original content for
4    the films.  We can allege similarities and dissimilarities
5    between the two.
6           THE COURT:  Those are not in the present complaint?
7           MS. THOMAS:  No, they are not, Your Honor.
8           THE COURT:  But you actually have access to them
9    and could, in fact, amend by alleging some additional work?
10          MS. THOMAS:  Yes, Your Honor.
11          THE COURT:  Okay.  Anything else that you wish to
12   put on the record in response to that inquiry?
13          MS. THOMAS:  I think we would just renew our
14   request to be able to amend our pleadings to allege more
15   similarities.
16          THE COURT:  Based on different works, it sounds
17   like that is what you're saying, not just the ones presently
18   alleged?
19          MS. THOMAS:  That's correct, Your Honor.
20          THE COURT:  And so is there some reason why you
21   didn't put those in the present complaint?
22          MS. THOMAS:  Your Honor, we did not include them
23   based upon the pleading that we wrote at the time.
24   Obviously, we wrote it in a different jurisdiction, but, as I
25   recall, I don't recall exactly why those were not included in

1  the original pleading.  I felt -- I think more than anything
2  it was because we felt like the other screenplays showed less
3  similarity to the final work than ours did.  So we did not
4  include them at the time.
5              THE COURT:  So you do make some reference, I think,
6  in your papers that if you were provided with certain
7  original works, that you could allege other facts.  So I just
8  want to make sure that what you're saying now is you're not
9  waiting to get additional work through a discovery process,
10  but, in fact, have some works now that you could include in
11  the complaint and you would do so if given leave to amend?
12              MS. THOMAS:  That's correct, Your Honor.
13              THE COURT:  Okay.  Defendants wish to comment?
14              MS. LE MOINE:  Yes, Your Honor.
15              So I -- just to really quickly, I'm not sure if I'm
16  hearing exactly right.  I don't want to put words in
17  anybody's mouth.  I think these new works, are they draft
18  screenplays?  If they're draft screenplays that were not
19  embodied in the finished public product, then amendment to
20  include any reference to those works would be futile.  As we
21  argued in our reply and as Judge Wu decided in Silas versus
22  HBO, the Court's job here is to compare the final published
23  work, because it is published works that cause harm in a
24  copyright case.
25              So if what we're talking about is an amendment to

1  sort of reach out and look to screenplays that were part of
2  the process of creating the Pirates of the Caribbean films, I
3  would say that would be futile because of the law we cited in
4  Silas.  I believe we cited a chain of other cases.  Courts
5  regularly reject the notion that you are going to look at
6  something -- a draft in the process.
7         I would say if that's the basis to amend, I would
8  ask that the Court dismiss with prejudice the claims against
9  the films, because, you know, we have here, you know, he --
10 we have -- I don't want to rehash everything -- I submit on
11 your tentative, Your Honor.  We have a list of, you know, 14
12 pages of similarities in the movies to the screenplay, and I
13 think not hearing any thing that would be added to that from
14 the motion picture.
15        So I would ask that the Court deny leave to amend
16 as to the motion pictures.  Thank you, Your Honor.
17        THE COURT:  Plaintiffs' counsel, prepared to
18 respond to the inquiry that defendants have made or is this
19 something you need to think about in deciding whether you
20 would amend if given the opportunity?
21        MS. THOMAS:  Your Honor, I would like to have the
22 opportunity to think about that certainly.
23        THE COURT:  Okay.  Anything else that either side
24 wishes to address at this point before the Court rules?
25        MS. LE MOINE:  Your Honor, if Your Honor is

1　considering granting leave to amend, and I understand that
2　counsel wants time to think about it, it might -- I -- I'm
3　just saying there might be some way short of an entire
4　additional process of looking at another pleading and another
5　briefing.  You know, perhaps plaintiff would be given an
6　opportunity to explain what they would intend to amend to say
7　in writing.
8　　　　　　　THE COURT:  I think the most effective way is if
9　the Court gives leave to amend, then to have plaintiffs a
10　chance to amend.  As I said, plaintiffs have to remember the
11　requirements of Rule 11.  So it would have to be based on
12　something that the plaintiff has giving the plaintiff a
13　reason to believe that there is a basis for filing an amended
14　complaint.  So if I give leave to amend, I would give
15　plaintiff an opportunity to at least think about that,
16　otherwise the Court would issue its ruling.
17　　　　　　　If there is no amended pleading, then, of course,
18　that permits the plaintiffs to go forward asking another
19　Court, a reviewing Court, the Ninth Circuit in this case, to
20　review the Court's order that would be issued.  So there are
21　times that plaintiffs, as parties know, take that position.
22　We've done the best job we can do.  If the trial Court should
23　rule against the plaintiff, then the plaintiff is in a
24　position to just move forward asking the reviewing Court to
25　review the District Court's order.

1    There are other occasions, of course, where
2    plaintiffs are able to amend.  Sometimes they don't survive
3    another motion to dismiss; sometimes they do.  But the Court
4    would be inclined to just rule on the leave to amend, and I'm
5    going to deem that submitted at this point because I'll be
6    issuing a written order anyway.
7        If the Court should give plaintiff an opportunity
8    to amend, how much how much time is plaintiff requesting?
9    Apparently, you already have the work.  So there is nothing
10   that you would do to get information.  You just need to file
11   an amended pleading.  So how much time?
12       MS. THOMAS:  Your Honor, I would request 30 days,
13   please.
14       THE COURT:  All right. Okay.  Anything else that
15   either side wishes to place on the record?
16       MS. LE MOINE:  I would like to make one last plead
17   to deny leave to amend, Your Honor.  I think in many of the
18   cases we've cited including Silas, the Courts deny leave to
19   amend when you fail to sustain substantial similarities as a
20   matter of law because it would be futile.  I would ask the
21   Court to deny that.  We have been involved in this case now
22   for two years.  So there's been ample opportunity to amend at
23   any point along the line.  It's been pending since 2017.
24   This Court or the Colorado court.
25       So that I -- I appreciate Your Honor's ruling, but

1 | I wanted to put my last pitch in for that.
2 |     THE COURT: I appreciate that. So when you say
3 | you've been involved in the case for two years, I notice our
4 | complaint was filed in 2018. You were referring to the other
5 | court?
6 |     MS. LE MOINE: Yeah. I misspoke, Your Honor, it
7 | was November 2017 when the complaint was actually filed, but
8 | it was raised with us several months prior. So it's been
9 | pending in one court or another since November 2017. So that
10 | I mean, my point is the -- there have been ample opportunity
11 | to amend this complaint in light of the passage of time. So
12 | that I -- I would ask the Court to consider that in deciding
13 | whether amendment should be granted.
14 |     THE COURT: All right. The final comment that I
15 | would make to the plaintiffs since there was another Court
16 | involved at an earlier time in the -- at least the issues
17 | that are being raised that have been pending for a while.
18 | That is something, I think, the plaintiff needs to think
19 | about even if the Court does give you an opportunity to amend
20 | is in thinking of the case as originally filed and any
21 | amendments that might have been made in the other Court or
22 | here as a matter of right, you know, have you just done the
23 | best that you can do as far as the part of the infringement
24 | lawsuit based on the work.
25 |     The Court will deem that matter submitted. The

1    Court's tentative at this point will become part of final
2    order.  That is, the Court's rulings on the request that it
3    take judicial notice and the finding that the works are not
4    substantially similar, and the Court will decide the issue of
5    leave to amend.
6              MS. LE MOINE:  Thank you, Your Honor.
7              MR. TAM:  Thank you, Your Honor.
8              THE COURT:  Thank you.
9              MR. TAM:  Your Honor, if you're still on the
10   record, may we have -- may plaintiff have one more comment?
11             THE COURT:  Sure.
12             MR. TAM:  This is Avery Tam speaking.  I just got
13   involved in the case.  It is my understanding that there is
14   additional information out there within plaintiffs'
15   possession that would be good cause for leave to amend.
16   Additionally, it is also my understanding although the case
17   has been pending since 2017, there has been no Court that has
18   said that the complaint was insufficient for any reason.
19   Until there's a ruling as to that, plaintiff wouldn't know
20   that leave to amend would be appropriate, but also the
21   complaint itself was also condensed in part to make it easier
22   to understand.  There is additional information out there
23   that is in plaintiffs' possession.
24             THE COURT:  So when you say additional information,
25   are you talking about other works?

```
1              MR. TAM:  Additional similarities between the works
2    that are at issue.
3              THE COURT:  The works that are in this complaint?
4              MR. TAM:  Yes.
5              THE COURT:  Well, I think that's exactly what the
6    Court has already done is to compare the works that are
7    alleged in this complaint with the screenplay.  So just to
8    argue additional similarities, that might not be adequate,
9    but if there are additional works that you did not include in
10   this complaint for whatever the reasons were.
11             MR. TAM:  There are both, Your Honor.
12             THE COURT:  You're saying you would like the
13   opportunity to at least include those, that might be
14   different.  So what's it -- what's your point?
15             MR. TAM:  There are both, Your Honor.  There are
16   additional works that were also not included in the complaint
17   that plaintiff can allege in the complaint.  These works were
18   not before the Court for the purposes of this hearing.
19             THE COURT:  And I won't ask you why, but that's
20   something for you to think with.
21             All right.  Anything further comments from either
22   side?
23             MS. LE MOINE:  Not from defendants, Your Honor.
24             THE COURT:  Thank you.  That does complete the
25   matter.
```

1       MS. LE MOINE:  Thank you.

2       (Proceedings concluded at 10:30 a.m.)

3                        CERTIFICATE

4  I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

5  TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS IN

6  THE ABOVE MATTER.

7  FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE

8  REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE

9  REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

10

11  /s/ Miriam V. Baird             07/18/2019

12  MIRIAM V. BAIRD                    DATE
    OFFICIAL REPORTER

| / | A | Avery [2] - 3:7, 12:12 | complete [1] - 13:24 |
|---|---|---|---|
| /s [1] - 14:11 | a.m [1] - 14:2 | **B** | concluded [1] - 14:2 |
| | able [4] - 3:13, 5:14, 6:14, 10:2 | | condensed [1] - 12:21 |
| **0** | ABOVE [1] - 14:6 | Baird [1] - 14:11 | conducting [1] - 5:19 |
| 07/18/2019 [1] - 14:11 | access [1] - 6:8 | BAIRD [2] - 1:22, 14:12 | CONFERENCE [1] - 14:9 |
| | add [1] - 5:12 | based [6] - 4:15, 5:12, 6:16, 6:23, 9:11, 11:24 | CONFORMANCE [1] - 14:8 |
| **1** | added [1] - 8:13 | basis [3] - 5:18, 8:7, 9:13 | consider [1] - 11:12 |
| 1 [1] - 3:23 | additional [11] - 5:23, 6:9, 7:9, 9:4, 12:14, 12:22, 12:24, 13:1, 13:8, 13:9, 13:16 | become [1] - 12:1 | considering [1] - 9:1 |
| 1-053 [1] - 1:23 | | BEHALF [2] - 2:3, 2:11 | content [1] - 6:3 |
| 1008 [1] - 3:1 | | best [2] - 9:22, 11:23 | continue [1] - 3:12 |
| 101 [1] - 2:7 | | between [2] - 6:5, 13:1 | copyright [1] - 7:24 |
| 10:30 [1] - 14:2 | | book [2] - 3:25, 4:1 | CORRECT [1] - 14:4 |
| 11 [3] - 4:19, 5:18, 9:11 | additionally [1] - 12:16 | BOULEVARD [2] - 2:4, 2:7 | correct [2] - 6:19, 7:12 |
| 11893 [1] - 1:22 | address [4] - 3:17, 4:14, 4:21, 8:24 | briefing [1] - 9:5 | counsel [5] - 4:3, 4:14, 4:22, 8:17, 9:2 |
| 12(b)(6 [3] - 4:6, 5:3, 5:4 | adequate [1] - 13:8 | **C** | course [2] - 9:17, 10:1 |
| 14 [1] - 8:11 | al [2] - 3:4 | | COURT [28] - 1:1, 1:22, 3:11, 4:25, 5:4, 5:17, 5:25, 6:6, 6:8, 6:11, 6:16, 6:20, 7:5, 7:13, 8:17, 8:23, 9:8, 10:14, 11:2, 11:14, 12:8, 12:11, 12:24, 13:3, 13:5, 13:12, 13:19, 13:24 |
| 1465 [1] - 2:7 | AL [4] - 1:4, 1:10, 2:3, 2:12 | CA [2] - 2:5, 2:14 | |
| 19 [2] - 1:19, 3:1 | Alfred [1] - 3:3 | CALIFORNIA [4] - 1:2, 1:18, 1:23, 3:1 | |
| **2** | ALFRED [2] - 1:4, 2:3 | Caribbean [2] - 3:25, 8:2 | |
| 2017 [4] - 10:23, 11:7, 11:9, 12:17 | allege [8] - 4:16, 4:18, 5:20, 5:23, 6:4, 6:14, 7:7, 13:17 | case [8] - 4:7, 7:24, 9:19, 10:21, 11:3, 11:20, 12:13, 12:16 | |
| 2018 [1] - 11:4 | alleged [6] - 4:2, 4:8, 4:17, 5:5, 6:18, 13:7 | cases [2] - 8:4, 10:18 | Court [34] - 3:15, 3:21, 3:22, 4:5, 4:8, 4:11, 4:13, 5:1, 5:6, 5:7, 5:9, 5:20, 8:8, 8:15, 8:24, 9:9, 9:16, 9:19, 9:22, 9:24, 10:3, 10:7, 10:21, 10:24, 11:12, 11:15, 11:19, 11:21, 11:25, 12:4, 12:17, 13:6, 13:18 |
| 2019 [2] - 1:19, 3:1 | alleging [1] - 6:9 | CCRA [1] - 1:22 | |
| | allowed [1] - 5:23 | CENTRAL [1] - 1:2 | |
| **3** | amend [28] - 4:14, 4:17, 5:11, 5:17, 5:21, 5:24, 6:9, 6:14, 7:11, 8:7, 8:15, 8:20, 9:1, 9:6, 9:9, 9:10, 9:14, 10:2, 10:4, 10:8, 10:17, 10:19, 10:22, 11:11, 11:19, 12:5, 12:15, 12:20 | certain [2] - 3:22, 7:6 | |
| 30 [1] - 10:12 | | certainly [1] - 8:22 | |
| 305 [1] - 2:5 | | CERTIFICATE [1] - 14:3 | |
| 355 [1] - 2:13 | | CERTIFY [1] - 14:4 | |
| 35TH [1] - 2:13 | | chain [1] - 8:4 | court [3] - 10:24, 11:5, 11:9 |
| | | chance [1] - 9:10 | Court's [6] - 5:9, 7:22, 9:20, 9:25, 12:1, 12:2 |
| **4** | amended [4] - 5:19, 9:13, 9:17, 10:11 | CHARGED [1] - 14:7 | Courts [1] - 10:18 |
| 411 [1] - 1:23 | amendment [3] - 7:19, 7:25, 11:13 | Circuit [1] - 9:19 | courts [1] - 8:4 |
| 428 [1] - 2:4 | | CIRCUIT [1] - 14:7 | creating [1] - 8:2 |
| | amendments [1] - 11:21 | cited [3] - 8:3, 8:4, 10:18 | CSR [1] - 1:22 |
| **5** | ample [2] - 10:22, 11:10 | claims [1] - 8:8 | CV18-08074-CBM [1] - 3:3 |
| 5 [1] - 3:23 | ANA [2] - 1:23, 3:1 | CLERK [1] - 3:3 | **D** |
| | AND [2] - 2:11, 14:4 | client [1] - 6:3 | |
| **7** | AND/OR [1] - 14:8 | CO [1] - 2:8 | DATE [1] - 14:12 |
| 7 [1] - 3:23 | ANDREW [1] - 1:3 | colleague [1] - 3:9 | days [1] - 10:12 |
| | Angeles [1] - 3:13 | Colorado [1] - 10:24 | decide [1] - 12:4 |
| **8** | ANGELES [2] - 1:18, 2:14 | COLORADO [1] - 2:8 | decided [1] - 7:21 |
| 80909 [1] - 2:8 | ANY [1] - 14:7 | comment [4] - 4:4, 7:13, 11:14, 12:10 | deciding [2] - 8:19, 11:12 |
| | anyway [1] - 10:6 | comments [1] - 13:21 | deem [2] - 10:5, 11:25 |
| **9** | appreciate [2] - 10:25, 11:2 | COMPANY [2] - 1:10, 2:12 | DEFENDANT [1] - 2:11 |
| 90071 [1] - 2:14 | appropriate [1] - 12:20 | Company [1] - 3:4 | defendant [1] - 3:6 |
| 91754 [1] - 2:5 | ARE [1] - 14:8 | compare [2] - 7:22, 13:6 | defendant's [1] - 3:15 |
| 92701 [1] - 1:23 | argue [1] - 13:8 | comparing [1] - 5:6 | Defendants [2] - 1:12, 3:21 |
| | argued [1] - 7:21 | comparison [1] - 4:9 | defendants [3] - 7:13, 8:18, 13:23 |
| | argument [1] - 3:20 | complaint [20] - 4:2, 4:8, 4:17, 5:6, 5:13, 5:19, 6:6, 6:21, 7:11, 9:14, 11:4, 11:7, 11:11, 12:18, 12:21, 13:3, 13:7, 13:10, 13:16, 13:17 | denied [1] - 3:23 |
| | ARTHUR [2] - 1:4, 2:3 | | deny [4] - 8:15, 10:17, 10:18, 10:21 |
| | Arthur [1] - 3:3 | | DEPOSIT [1] - 14:8 |
| | ATLANTIC [1] - 2:4 | | different [4] - 5:14, 6:16, 6:24, 13:14 |
| | AVENUE [1] - 2:13 | | |
| | AVERY [1] - 2:3 | | |

**difficult** [1] - 4:24
**discovery** [2] - 5:20, 7:9
**dismiss** [3] - 3:15, 8:8, 10:3
**DISNEY** [2] - 1:10, 2:12
**Disney** [1] - 3:4
**dissimilarities** [1] - 6:4
**DISTRICT** [3] - 1:1, 1:2, 1:22
**District** [1] - 9:25
**done** [3] - 9:22, 11:22, 13:6
**draft** [3] - 7:17, 7:18, 8:6

**E**

**easier** [1] - 12:21
**effective** [1] - 9:8
**either** [3] - 8:23, 10:15, 13:21
**ELIZABETH** [1] - 2:6
**Elizabeth** [1] - 3:10
**embodied** [1] - 7:19
**entire** [1] - 9:3
**et** [2] - 3:3, 3:4
**ET** [4] - 1:4, 1:10, 2:3, 2:12
**exactly** [3] - 6:25, 7:16, 13:5
**example** [1] - 5:25
**excerpts** [1] - 3:25
**explain** [1] - 9:6
**extrinsic** [1] - 4:10

**F**

**facing** [1] - 5:18
**fact** [2] - 6:9, 7:10
**facts** [1] - 7:7
**fail** [1] - 10:19
**far** [1] - 11:23
**FEBRUARY** [2] - 1:19, 3:1
**FEE** [1] - 14:7
**FEES** [1] - 14:7
**felt** [2] - 7:1, 7:2
**few** [1] - 3:16
**file** [1] - 10:10
**filed** [3] - 11:4, 11:7, 11:20
**filing** [1] - 9:13
**films** [3] - 6:4, 8:2, 8:9
**final** [4] - 7:3, 7:22, 11:14, 12:1
**findings** [2] - 4:5, 4:20
**finished** [1] - 7:19
**first** [2] - 3:18, 4:22
**FLOOR** [1] - 2:13
**FOR** [1] - 14:7
**FOREGOING** [1] - 14:4
**forward** [3] - 3:14, 9:18, 9:24
**FOURTH** [1] - 1:23
**futile** [3] - 7:20, 8:3, 10:20

**G**

**given** [3] - 7:11, 8:20, 9:5
**GRAND** [1] - 2:13

**granted** [1] - 11:13
**granting** [1] - 9:1
**grants** [2] - 3:22, 4:11
**GUILFORD** [1] - 1:3

**H**

**harm** [1] - 7:23
**HBO** [1] - 7:22
**hear** [2] - 4:24, 5:14
**HEARING** [1] - 1:17
**hearing** [4] - 3:14, 7:16, 8:13, 13:18
**help** [1] - 3:19
**helpful** [1] - 4:21
**HEREBY** [1] - 14:4
**HO** [1] - 2:3
**Honor** [25] - 4:23, 5:3, 5:16, 5:22, 6:1, 6:7, 6:10, 6:19, 6:22, 7:12, 7:14, 8:11, 8:16, 8:21, 8:25, 10:12, 10:17, 11:6, 12:6, 12:7, 12:9, 13:11, 13:15, 13:23
**Honor's** [1] - 10:25
**HONORABLE** [1] - 1:3

**I**

**II** [1] - 1:4
**important** [1] - 3:14
**IN** [4] - 2:3, 2:11, 14:5, 14:8
**inclined** [1] - 10:4
**include** [6] - 6:22, 7:4, 7:10, 7:20, 13:9, 13:13
**included** [2] - 6:25, 13:16
**including** [1] - 10:18
**information** [4] - 10:10, 12:14, 12:22, 12:24
**infringement** [1] - 11:23
**infringing** [1] - 4:18
**inquiry** [3] - 5:8, 6:12, 8:18
**insufficient** [1] - 12:18
**intend** [1] - 9:6
**involved** [4] - 10:21, 11:3, 11:16, 12:13
**IS** [1] - 14:4
**issue** [3] - 9:16, 12:4, 13:2
**issued** [1] - 9:20
**issues** [2] - 4:20, 11:16
**issuing** [1] - 10:6
**item** [1] - 3:23
**items** [1] - 3:22
**itself** [1] - 12:21

**J**

**JAMES** [1] - 2:3
**job** [2] - 7:22, 9:22
**JORDAN** [1] - 2:12
**Jordan** [1] - 3:8

**JUDGE** [1] - 1:3
**Judge** [2] - 3:11, 7:21
**JUDICIAL** [1] - 14:9
**judicial** [4] - 3:21, 3:24, 5:2, 12:3
**jurisdiction** [1] - 6:24

**K**

**Kingdom** [1] - 4:1

**L**

**LACV-18-08074-CBM** [1] - 1:8
**last** [2] - 10:16, 11:1
**LAW** [1] - 2:3
**law** [5] - 4:6, 4:10, 5:8, 8:3, 10:20
**lawsuit** [1] - 11:24
**LE** [9] - 2:12, 3:5, 7:14, 8:25, 10:16, 11:6, 12:6, 13:23, 14:1
**least** [4] - 4:2, 9:15, 11:16, 13:13
**leave** [15] - 4:13, 4:16, 5:11, 5:17, 7:11, 8:15, 9:1, 9:9, 9:14, 10:4, 10:17, 10:18, 12:5, 12:15, 12:20
**Lee** [1] - 3:3
**LEE** [2] - 1:4, 2:3
**LeMoine** [1] - 3:5
**LESS** [1] - 14:7
**less** [1] - 7:2
**light** [1] - 11:11
**line** [1] - 10:23
**list** [1] - 8:11
**LLP** [1] - 2:11
**look** [2] - 8:1, 8:5
**looking** [1] - 9:4
**Los** [1] - 3:13
**LOS** [2] - 1:18, 2:14

**M**

**Magic** [1] - 4:1
**Marshall** [1] - 3:11
**MATTER** [1] - 14:6
**matter** [9] - 3:13, 3:15, 4:5, 4:10, 5:8, 10:20, 11:22, 11:25, 13:25
**matters** [1] - 5:1
**mean** [1] - 11:10
**MELINDA** [1] - 2:12
**Melinda** [1] - 3:5
**might** [6] - 4:3, 9:2, 9:3, 11:21, 13:8, 13:13
**MIRIAM** [2] - 1:22, 14:12
**Miriam** [1] - 14:11
**misspoke** [1] - 11:6

**MOINE** [9] - 2:12, 3:5, 7:14, 8:25, 10:16, 11:6, 12:6, 13:23, 14:1
**MONDAY** [2] - 1:19, 3:1
**MONTEREY** [1] - 2:5
**months** [1] - 11:8
**most** [1] - 9:8
**motion** [8] - 3:15, 3:17, 4:7, 4:11, 5:7, 8:14, 8:16, 10:3
**MOTION** [1] - 1:17
**mouth** [1] - 7:17
**move** [1] - 9:24
**Movie** [1] - 4:1
**movies** [1] - 8:12
**MR** [12] - 3:7, 3:8, 4:23, 5:3, 5:16, 12:7, 12:9, 12:12, 13:1, 13:4, 13:11, 13:15
**MS** [19] - 3:5, 3:10, 5:22, 6:1, 6:7, 6:10, 6:13, 6:19, 6:22, 7:12, 7:14, 8:21, 8:25, 10:12, 10:16, 11:6, 12:6, 13:23, 14:1
**MUNGER** [1] - 2:11
**Munger** [2] - 3:5, 3:9
**MVB11893@aol.com** [1] - 1:24

**N**

**need** [2] - 8:19, 10:10
**needs** [1] - 11:18
**new** [1] - 7:17
**Ninth** [1] - 9:19
**NORTH** [1] - 2:7
**noted** [1] - 6:3
**nothing** [1] - 10:9
**notice** [5] - 3:21, 3:25, 5:2, 11:3, 12:3
**notion** [1] - 8:5
**November** [2] - 11:7, 11:9
**Numbers** [1] - 3:23

**O**

**obviously** [1] - 6:24
**occasions** [1] - 10:1
**OF** [8] - 1:2, 1:16, 2:3, 2:3, 2:11, 14:5, 14:9
**OFFICE** [1] - 2:3
**OFFICIAL** [2] - 1:22, 14:12
**OLSON** [1] - 2:11
**one** [4] - 4:10, 10:16, 11:9, 12:10
**ones** [1] - 6:17
**opinion** [1] - 5:14
**opportunity** [12] - 3:17, 5:21, 5:24, 8:20, 8:22, 9:6, 9:15, 10:7, 10:22, 11:10, 11:19, 13:13
**order** [4] - 9:20, 9:25, 10:6,

12:2
**original** [3] - 6:3, 7:1, 7:7
**originally** [1] - 11:20
**otherwise** [1] - 9:16

### P

**pages** [1] - 8:12
**papers** [1] - 7:6
**PARK** [1] - 2:5
**part** [5] - 4:25, 8:1, 11:23, 12:1, 12:21
**participating** [1] - 3:12
**parties** [3] - 3:19, 4:21, 9:21
**passage** [1] - 11:11
**pending** [4] - 10:23, 11:9, 11:17, 12:17
**perhaps** [1] - 9:5
**permits** [1] - 9:18
**picture** [1] - 8:14
**pictures** [1] - 8:16
**Pirate** [1] - 3:25
**Pirates** [1] - 8:2
**pitch** [1] - 11:1
**place** [1] - 10:15
**PLAINTIFF** [1] - 2:3
**plaintiff** [14] - 3:7, 5:10, 9:5, 9:12, 9:15, 9:23, 10:7, 10:8, 11:18, 12:10, 12:19, 13:17
**plaintiffs** [8] - 3:10, 4:13, 9:9, 9:10, 9:18, 9:21, 10:2, 11:15
**Plaintiffs** [1] - 1:6
**plaintiffs'** [6] - 4:3, 4:14, 4:22, 8:17, 12:14, 12:23
**plead** [1] - 10:16
**pleading** [5] - 6:23, 7:1, 9:4, 9:17, 10:11
**pleadings** [1] - 6:14
**point** [8] - 4:15, 5:4, 8:24, 10:5, 10:23, 11:10, 12:1, 13:14
**portion** [1] - 4:23
**position** [2] - 9:21, 9:24
**possession** [2] - 12:15, 12:23
**prejudice** [2] - 4:12, 8:8
**prepared** [1] - 8:17
**present** [2] - 6:6, 6:21
**presently** [1] - 6:17
**PRESIDING** [1] - 1:3
**proceedings** [1] - 14:2
**PROCEEDINGS** [2] - 1:16, 14:5
**process** [4] - 7:9, 8:2, 8:6, 9:4
**product** [1] - 7:19
**provided** [1] - 7:6
**public** [1] - 7:19

**published** [2] - 7:22, 7:23
**purposes** [2] - 5:6, 13:18
**put** [4] - 6:12, 6:21, 7:16, 11:1

### Q

**questions** [1] - 3:16
**quickly** [1] - 7:15

### R

**raised** [2] - 11:8, 11:17
**reach** [1] - 8:1
**really** [1] - 7:15
**reason** [3] - 6:20, 9:13, 12:18
**reasons** [1] - 13:10
**record** [3] - 6:12, 10:15, 12:10
**RECORDED** [1] - 14:5
**REDUCTION** [1] - 14:8
**reference** [2] - 7:5, 7:20
**referring** [1] - 11:4
**regularly** [1] - 8:5
**REGULATIONS** [1] - 14:9
**rehash** [1] - 8:10
**reject** [1] - 8:5
**remember** [1] - 9:10
**remotely** [1] - 3:12
**renew** [1] - 6:13
**repeat** [1] - 4:23
**reply** [1] - 7:21
**REPORTER** [2] - 1:22, 14:12
**REPORTER'S** [1] - 1:16
**request** [6] - 3:21, 3:22, 3:23, 6:14, 10:12, 12:2
**requesting** [1] - 10:8
**requirements** [1] - 9:11
**respond** [1] - 8:18
**response** [1] - 6:12
**review** [2] - 9:20, 9:25
**reviewing** [2] - 9:19, 9:24
**Rule** [3] - 4:19, 5:18, 9:11
**rule** [2] - 9:23, 10:4
**rules** [1] - 8:24
**ruling** [6] - 4:25, 5:10, 5:14, 9:16, 10:25, 12:19
**rulings** [2] - 3:18, 12:2

### S

**SANTA** [2] - 1:23, 3:1
**screenplay** [3] - 4:18, 8:12, 13:7
**screenplays** [5] - 6:2, 7:2, 7:18, 8:1
**see** [1] - 4:2
**SEGALL** [2] - 2:12, 3:8
**Segall** [1] - 3:8
**several** [1] - 11:8

**short** [1] - 9:3
**showed** [1] - 7:2
**side** [3] - 8:23, 10:15, 13:22
**sides** [1] - 3:16
**Silas** [3] - 7:21, 8:4, 10:18
**similar** [4] - 4:6, 4:9, 5:8, 12:4
**similarities** [7] - 5:23, 6:4, 6:15, 8:12, 10:19, 13:1, 13:8
**similarity** [1] - 7:3
**six** [1] - 3:24
**sometimes** [2] - 10:2, 10:3
**sort** [1] - 8:1
**sounds** [1] - 6:16
**SOUTH** [2] - 2:4, 2:13
**speaking** [1] - 12:12
**SPRINGS** [1] - 2:8
**state** [1] - 3:18
**STATES** [2] - 1:1, 14:9
**STENOGRAPHICALLY** [1] - 14:5
**still** [1] - 12:9
**STREET** [1] - 1:23
**submit** [1] - 8:10
**submitted** [2] - 10:5, 11:25
**substantial** [1] - 10:19
**substantially** [4] - 4:6, 4:9, 5:8, 12:4
**SUITE** [3] - 1:23, 2:5, 2:7
**support** [2] - 4:16, 5:14
**survive** [1] - 10:2
**sustain** [1] - 10:19

### T

**Tam** [2] - 3:7, 12:12
**TAM** [13] - 2:3, 2:3, 3:7, 4:23, 5:3, 5:16, 12:7, 12:9, 12:12, 13:1, 13:4, 13:11, 13:15
**tentative** [9] - 3:17, 3:18, 4:7, 4:20, 4:24, 4:25, 5:5, 8:11, 12:1
**terms** [1] - 3:19
**test** [1] - 4:10
**THAT** [1] - 14:4
**THE** [37] - 1:10, 2:3, 2:11, 2:12, 3:3, 3:11, 4:25, 5:4, 5:17, 5:25, 6:6, 6:8, 6:11, 6:16, 6:20, 7:5, 7:13, 8:17, 8:23, 9:8, 10:14, 11:2, 11:14, 12:8, 12:11, 12:24, 13:3, 13:5, 13:12, 13:19, 13:24, 14:4, 14:5, 14:6, 14:8, 14:9
**thinking** [1] - 11:20
**THIS** [1] - 14:7
**THOMAS** [12] - 2:6, 3:10, 5:22, 6:1, 6:7, 6:10, 6:13,

6:19, 6:22, 7:12, 8:21, 10:12
**Thomas** [1] - 3:10
**today** [1] - 3:13
**TOLLES** [1] - 2:11
**Tolles** [2] - 3:5, 3:9
**TRANSCRIPT** [3] - 1:16, 14:5, 14:7
**trial** [1] - 9:22
**TRUE** [1] - 14:4
**two** [3] - 6:5, 10:22, 11:3

### U

**U.S** [1] - 1:22
**ultimate** [1] - 5:10
**under** [1] - 4:10
**UNION** [1] - 2:7
**UNITED** [2] - 1:1, 14:9

### V

**versus** [1] - 7:21
**violating** [1] - 4:19
**vs** [1] - 3:4
**Vs** [1] - 1:8

### W

**waiting** [1] - 7:9
**Walt** [1] - 3:4
**WALT** [2] - 1:10, 2:12
**wants** [1] - 9:2
**WEST** [1] - 1:23
**wish** [2] - 6:11, 7:13
**wishes** [2] - 8:24, 10:15
**WITH** [1] - 14:8
**words** [1] - 7:16
**works** [17] - 4:6, 4:8, 5:5, 6:16, 7:7, 7:10, 7:17, 7:20, 7:23, 12:3, 12:25, 13:1, 13:3, 13:6, 13:9, 13:16, 13:17
**writing** [1] - 9:7
**written** [2] - 6:2, 10:6
**wrote** [2] - 6:23, 6:24
**Wu** [1] - 7:21

### Y

**years** [2] - 10:22, 11:3
**YUAN** [1] - 2:3