**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR LEE ALFRED II; et al., Plaintiffs-Appellants, v. THE WALT DISNEY COMPANY; et al., Defendants-Appellees. | No. 19-55669 D.C. No. 2:18-cv-08074-CBM-AS MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted July 6, 2020
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and MELGREN,[**] District Judge.

Plaintiffs A. Lee Alfred, II, Ezequiel Martinez, Jr., and Tova Laiter appeal the district court's 12(b)(6) dismissal of their copyright infringement suit against Defendant-Appellees (collectively, "Defendants"). They argue that the court (1) erred in granting Defendants' motion to dismiss because Plaintiffs' screenplay is

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eric F. Melgren, United States District Judge for the District of Kansas, sitting by designation.

substantially similar to Defendants' *Pirates of the Caribbean: Curse of the Black Pearl* film; (2) abused its discretion in denying Plaintiffs leave to amend their complaint; and (3) abused its discretion in taking judicial notice of the Disney World Pirates of the Caribbean theme park ride as it existed in 2005. We have jurisdiction over the court's dismissal under 28 U.S.C. § 1291. For the reasons that follow, we reverse and remand.

**1.** To state a claim for copyright infringement, Plaintiffs must show that (1) they owned a valid copyright in their screenplay, and (2) Defendants copied protected aspects of their work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The element prohibiting Defendant from copying protected aspects requires that Plaintiffs demonstrate that there are, in short, "substantial similarities" between the two works. *Skidmore v. Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). At the pleading stage, district courts apply only the "extrinsic test" for similarity, which asks whether the defendant's work shares objective similarities of specific expressive elements with the allegedly infringed piece. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Skidmore*, 952 F.3d 1051. Defendants moved to dismiss Plaintiffs' copyright infringement claims solely on the ground that the two works were not substantially similar as a matter of law.

When evaluating the two works, courts must generally distinguish between protectible and unprotectible elements, and "ask only whether the protectible elements in two works are substantially similar." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012), *abrogated on other grounds as recognized by Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194 (9th Cir. 2020). But—even when individual elements are not protected—their "[o]riginal selection, coordination, and arrangement . . . may be protectible expression." *Id.*. Summary judgment or dismissal is appropriate if, taken as a whole, "no reasonable jury could find that the works are substantially similar using the objective criteria of the extrinsic test." *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994).

We agree with Plaintiffs that the screenplay shares sufficient similarities with the film to survive a motion to dismiss. The *Pirates of the Caribbean: Curse of the Black Pearl* film and the screenplay both begin with a prologue that takes place ten years prior to the main story; introduce the main characters during a battle, at gunpoint; involve treasure stories that take place on islands and in jewel-filled caves; include past stories of betrayal by a former first mate; contain fearful moments driven by skeleton crews; focus on the redemption of a young, rogue pirate; and share some similarities in dialogue and tone. To be sure, there are striking differences between the two works, as well—but the selection and

arrangement of the similarities between them is more than de minimis. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994).

The district court noted some of these similarities but dismissed the action largely because it concluded that many of the elements the two works share in common are unprotected generic, pirate-movie tropes. But, at this stage of the litigation, it is difficult to know whether such elements are indeed unprotectible material. Additional evidence would help inform the question of substantial similarity. *Cf. Rentmeester*, 883 F.3d at 1123 ("This is not a case in which discovery could shed light on any issues that actually matter to the outcome."). As Plaintiffs note, expert testimony would aid in determining whether the similarities Plaintiffs identify are qualitatively significant. *See Newton v. Diamond*, 388 F.3d 1189, 1196 (9th Cir. 2004). This would be particularly useful in this circumstance, where the works in question are almost twenty years old and the blockbuster *Pirates of the Caribbean* film franchise may itself have shaped what are now considered pirate-movie tropes.

The district court erred by failing to compare the original selection and arrangement of the unprotectible elements between the two works. Because Plaintiffs sufficiently allege that there are substantial similarities between the works to survive Defendants' motion-to-dismiss, we reverse the district court's dismissal and remand.

**2.** The district court did not err by failing to apply the inverse-ratio rule. Sitting en banc, we overruled the inverse-ratio doctrine after the district court's decision. In *Skidmore*, we concluded that the rule "is not part of the copyright statute, defies logic, and creates uncertainty for the courts and the parties," and "abrogate[d] the rule in the Ninth Circuit and overrule[d] our prior cases to the contrary." 952 F.3d at 1066. Even if Plaintiffs are correct that the court should have applied the doctrine, *Skidmore* has since mooted their argument.

**3.** The court also did not err by failing to accord broad copyright protection to Plaintiffs' screenplay. Plaintiffs are correct that the idea of pirate films or stories are entitled to broad—not narrow—copyright protection, *see, e.g., Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913–14 (9th Cir. 2010), but the district court did not once state that the screenplay was entitled to thin protection or require Plaintiffs to show that the two works were virtually identical. We cannot conclude that the court erred by treating the screenplay as entitled to thin protection.

**4.** Finally, in light of the above disposition, we need not address whether the district court abused its discretion either in denying Plaintiffs leave to amend their complaint or in taking judicial notice of the Disney World theme park ride. These issues are now moot. On remand, Plaintiffs may again request leave to amend

their complaint, and both sides will be able to produce additional, relevant evidence as is needed.

**REVERSED and REMANDED.**