Steven T. Lowe, SBN 122208
Aleksandra Hilvert, SBN 258463
LOWE & ASSOCIATES, a Professional Corporation
8383 Wilshire Blvd. Suite 1038
Beverly Hills, California 90211
Telephone: (310) 477-5811

*Attorneys for Plaintiffs Arthur Lee Alfred II and Ezequiel Martinez Jr.*

MARK R. YOHALEM (State Bar No. 243596)
mark.yohalem@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
ROBIN S. GRAY (State Bar No. 316544)
robin.gray@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

*Attorneys for Defendant Walt Disney Pictures*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE ALFRED, II et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WALT DISNEY PICTURES, <br><br> Defendant. | Case No. 2:18-cv-08074-CBM-AS <br><br> **JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** <br><br> Judge:  Hon. Consuelo B. Marshall <br> Location: Courtroom 8B, 350 West First Street, Los Angeles, CA 90012 <br> Date: May 25, 2021 <br> Time: 10:00 a.m. |

## PARTIES' FRCP 26(f) JOINT REPORT

Pursuant to the Court's April 1, 2021 Order Setting Scheduling Conference (Dkt. No. 134) ("Order") and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiffs Arthur Lee Alfred II and Ezequiel Martinez Jr. ("Plaintiffs"), on the one hand, and Defendant Walt Disney Pictures ("WDP"), on the other hand (collectively, the "Parties"), submit this Joint Scheduling Conference Report. The Parties' counsel conducted a Rule 26(f) conference by telephone on Thursday, April 22, 2021 and jointly submit the following report.

### Mandatory Rule 26(f) Discovery Plan Items (Dkt. 134)

**a.  Statement of the Case**

**1.  Plaintiffs' Statement of the Case**

In or about March of 2000, Plaintiffs, a screenwriting team, jointly created a screenplay for a feature length motion picture called *Pirates of the Caribbean* (the "Screenplay"). At this time, Plaintiffs were already working with WDP on the WDP lot on another project that Plaintiffs had previously submitted to WDP (titled, *Red Hood*). Pursuant to WDP's invitation, Plaintiffs submitted the Screenplay to WDP Executive Brigham Taylor ("Taylor") in August of 2000. Thereafter, Plaintiffs were on the WDP lot concerning their existing project and after being ushered into Taylor's office for a meeting, they noticed the Screenplay on Taylor's coffee table. When Plaintiffs mentioned the Screenplay, they were unceremoniously disinvited to the WDP lot.

Two years later, Taylor sent the Screenplay back to Plaintiffs in the mail, after, upon information and belief, Taylor submitted the Screenplay to his then boss, Nina Jacobson. Less than a year thereafter, in June of 2003, WDP released Pirates of the Caribbean" (the "Movie") which bears striking similarities to Plaintiffs' Screenplay. In the months and years that followed, the credited screenwriters and Taylor have each provided differing, contradictory accounts of how the Movie was conceived.

Plaintiffs filed their claims for copyright infringement in November of 2017. The case was initially filed in Colorado District Court and then transferred to the Central District of California in September of 2018 (Dkt. 56). WDP filed a motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) on November 16, 2018, arguing predominantly that the works were not substantially similar (Dkt. 78). WDP's motion was granted by this Court on May 13, 2019 (Dkt. 93). Plaintiffs then timely appealed the dismissal to the Ninth Circuit; the Ninth Circuit reversed and remanded on July 22, 2020 (Dkt. 103).

### 2. WDP's Statement of the Case

Plaintiffs allege that WDP's 2003 motion picture *Pirates of the Caribbean: Curse of the Black Pearl* infringes a "spec" screenplay that Plaintiffs developed and pitched to Disney more than two decades ago, in 2000.

Both Plaintiffs' screenplay and *Curse of the Black Pearl* were inspired by Disney's well-known theme park ride, Pirates of the Caribbean. By Plaintiffs' own admission, their screenplay—originally titled *Pirates of the Spanish Main*—was to be a kids' movie that combined the 1985 film *The Goonies* (an adventure-comedy about a band of kids who discover a pirate's treasure map and hunt for buried treasure) with *Cutthroat Island*, a 1995 pirate swashbuckler movie. Plaintiffs were aware that around 2000 Disney was considering producing a motion picture based on the Pirates of the Caribbean ride, and so they retitled their screenplay *Pirates of the Caribbean* and incorporated creative elements from the ride into that work before pitching it to Disney. Disney passed on the screenplay.

The two works at issue have virtually nothing in common. Plaintiffs' work is a movie about a ragtag group of orphans who help redeem a down-on-his-luck privateer, defeat the evil Captain Nefarious, and find a cavern full of treasure. *Curse of the Black Pearl* is about an antihero pirate captain, Jack Sparrow, and his relationship with his former first mate, Hector Barbossa, who is attempting to break an ancient curse related to the gold of Cortes that turned his crew into undead

1 skeletons. Any similarities in the works are generic pirate-story tropes—skull-and-
2 crossbones flags, buried treasure, rum—that have appeared in countless pirate works
3 for centuries, including in the Disney theme park ride that inspired both works.

4     For that reason WDP moved to dismiss the complaint, asserting that the two
5 works were not substantially similar as a matter of law. In a thoroughly reasoned
6 order (Dkt. 93) this Court agreed and dismissed the complaint with prejudice,
7 holding that "[a]t most, Plaintiffs have demonstrated random similarities scattered
8 throughout the parties' works." (*Id.* at 18.) Plaintiffs appealed, and in an
9 unpublished disposition the Ninth Circuit reversed, holding that without the benefit
10 of expert testimony it was "difficult to know" whether Plaintiffs' alleged similarities
11 were "generic, pirate-movie tropes," as this Court had concluded. Now that the
12 Parties have submitted expert reports analyzing whether any of the elements the two
13 works share constitute unique protectable expression (as opposed to unprotectable
14 generic elements of the pirate genre), the case is ripe to be resolved on summary
15 judgment on the issue of substantial similarity, consistent with the Ninth Circuit's
16 instructions.

17     **b.**     **Depositions**

18     The Parties entered into a stipulation regarding, *inter alia*, bifurcation of
19 discovery (Dkt. 121), which the Court entered on January 19, 2021 (Dkt. 122).
20 Pursuant to the stipulation, discovery is divided into two phases. In phase 1
21 discovery is limited to the issue of substantial similarity, and the only depositions
22 that will occur are of each side's respective expert witness with respect to
23 substantial similarity, as follows:

24         Plaintiffs' Expert: May 27, 2021
25         WDP's Expert: June 9, 2021

26     Following phase 1 discovery, the Parties have agreed to mediate. If the
27 mediation is unsuccessful, the Parties may file motions for summary judgment on
28 the issue of substantial similarity. If the case is not resolved on that issue at the

summary judgment stage, discovery will proceed to phase 2, which will encompass all remaining issues. Plaintiffs anticipate they would require seven to ten depositions in phase 2, and WDP anticipates it would require three depositions in that phase.

### c. Written Discovery Deadlines

Under the Court's order entering the Parties' scheduling stipulation, the Parties are prohibited from seeking written discovery in phase 1 beyond Rule 26(a)(1) initial disclosures, which the Parties exchanged on January 29, 2021.

If discovery proceeds to phase 2 (i.e., if the matter does not settle in mediation and is not resolved on summary judgment motions addressing substantial similarity), the Parties anticipate conducting written discovery (requests for production of documents, interrogatories and requests for admissions) with respect to the remaining issues. The Parties will meet and confer on the scope and timing of written discovery along with issues related to the preservation and production of electronically stored information ("ESI").

### d. Rule 26(a)(2) Disclosures of Expert Witnesses

Pursuant to their stipulation the Parties have disclosed phase 1 expert witnesses on the issue of substantial similarity. Plaintiffs served the expert report of Prof. David Román on November 30, 2020. (Dkt. 112-6.) WDP served the expert report of James McDonald on March 30, 2021. (Dkt. 133-1.) Plaintiffs served a rebuttal report by Prof. Román on May 7, 2021. (Dkt. 139.)

The Parties do not anticipate disclosing additional experts in phase 1 discovery. If the matter proceeds to phase 2, the Parties reserve the right to disclose additional experts pursuant to Rule 26(a)(2).

### e. Proposed Pre-Trial Conference Date

The Parties respectfully request that the pre-trial conference take place one year after the Court's ruling on any motions for summary judgment the Parties file on the issue of substantial similarity. If neither party files such a motion, the Parties

request that the pre-trial conference take place fourteen months after the July 21, 2021 mediation, i.e., by approximately September 26, 2022.

### f. Date Jury Demand Filed

Plaintiffs' demand for jury trial was filed on November 14, 2017 (Dkt. 1).

### g. Prospects of Settlement

A private mediation with Hon. Jacqueline Connor is scheduled to take place on July 21, 2021.

### h. Consent to Proceed before Magistrate Judge

Plaintiffs have no objection to proceeding before a Magistrate Judge.

WDP does not consent to proceed before a magistrate judge, and did not consent to the exercise of jurisdiction by a magistrate judge in the District of Colorado where this case was originally filed.

### i. Contemplated Motions

Following the conclusion of the July 21, 2021 mediation, the Parties' stipulation provides that either party may move for summary judgment on the issue of substantial similarity within 60 days of the mediation (i.e., by September 20, 2021). WDP intends to file such a motion, and Plaintiffs intends to cross-move by filing such a motion as well.

The Parties reserve the right to file motions (including discovery and/or dispositive motions) relating to phase 2 issues.

### j. Selection of ADR Procedure

The Parties have agreed to participate in private mediation (ADR Procedure No. 3, Local Rule 16-15.4).

### k. Other Issues

1. <u>Protective Order</u>: The Parties will discuss and enter into a stipulated protective order if discovery proceeds to phase 2.

2. <u>E-mail Service</u>: The Parties have agreed to serve non-filed documents via electronic mail only, so long as such service is made to all counsel

of record.

3. <u>Dismissal of Prior Counsel</u>: Plaintiffs filed a Notice of Withdrawal of Counsel regarding former counsel Elizabeth Thomas and Ryan Charles Gilman on or about March 3, 2021 (Dkt. 129). Plaintiffs are seeking the aforementioned counsel be terminated as counsel of record in this matter. The Court issued a Notice of Deficiencies with respect to the Notice of Withdrawal but has not yet made an order or ruling on the matter (Dkt. 130). Plaintiffs are seeking for those aforementioned former counsel to be removed from the case.

Respectfully submitted,

DATED: May 18, 2021          MUNGER, TOLLES & OLSON LLP

By:     */s/ Jordan D. Segall*
         JORDAN D. SEGALL
         Attorneys for Defendant

DATED: May 18, 2021          LOWE & ASSOCIATES

By:     */s/ Steven T. Lowe*
         STEVEN T. LOWE
         Attorneys for Plaintiffs

In accordance with Local Rule 5-4.3.4(a)(2)(i), the filer attests that each of the above signatories has concurred in the filing of this document.

DATED: May 18, 2021

By:     */s/ Aleksandra M. Hilvert*
       ALEKSANDRA M. HILVERT
