**LOWE & ASSOCIATES, PC**
Steven T. Lowe (SBN 122208)
steven@lowelaw.com
Aleksandra Hilvert (SBN 258463)
aleksandra@lowelaw.com
8383 Wilshire Blvd, Suite 1038
Beverly Hills, California 90211

**ROBINS KAPLAN LLP**
Patrick M. Arenz
(MN Bar No. 0386537) (Pro hac vice pending)
parenz@robinskaplan.com
800 LaSalle Avenue
Suite 2800
Minneapolis, Minnesota  55402
Telephone:   612 349 8500
Facsimile:   612 339 4181

*Attorneys for Plaintiffs*
*Arthur Lee Alfred, II, et al.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE ALFRED, II, et al., <br><br> Plaintiff, <br><br> v. <br><br> WALT DISNEY PICTURES, <br><br> Defendant. | Case No. 2:18-CV-08074-CBM-ASx <br><br> **PLAINTIFFS' OBJECTION TO DISNEY'S EVIDENCE SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(c)(2)** <br><br> Date:   October 19, 2021 <br> Time:   10:00 a.m. <br> Dept:   Courtroom 8B <br> Judge:   Hon. Consuelo Marshall |

## Introduction

Disney relies on four categories of evidence for its summary judgment motion that are inadmissible. First, Disney relies on three declarations of employees that Disney never disclosed in its Rule 26 disclosures. It may not now rely on these undisclosed fact witnesses now or the corresponding exhibits. Second, Disney relies on an expert witness who conducted a legally improper analysis. The Court should exclude these unreliable and irrelevant opinions as a result. Third, Disney tried to augment its 25-page memorandum of law by incorporating a 15-page exhibit that Disney's counsel prepared. The Court should disregard it because Disney's argument belonged in its memorandum of law. And finally, Disney incorporates a number of immaterial, legally irrelevant facts in its Statement of Undisputed Material Facts. The Court should exclude those as irrelevant to the motion before it.

## Argument

Rule 56 allows the non-moving party to object to the moving party's evidence as inadmissible. Fed. R. Civ. P. 56(c)(2). Plaintiffs Arthur Alfred II and Ezequiel Martinez, Jr. object to Disney's reliance on (1) undisclosed fact witness declarations and exhibits, (2) unreliable expert opinions, (3) attorney argument from a declaration that belonged in Disney's memorandum of law, and (4) inadmissible, immaterial facts. The Court should exclude this evidence and not consider it on summary judgment.

**I.     The Court should strike Disney's declarations of undisclosed fact witnesses David Jessen, Diego Parras, and Rebecca Cline.**

Plaintiffs Arthur Alfred II and Ezequiel Martinez, Jr. object to Disney's undisclosed declarants to support its motion for judgment. "Rule 26 requires witnesses to be identified by name, address and telephone number." *Gold Value Int'l Textile, Inc. v. Charlotte Russe, Inc.*, No. CV 2:16-cv-294-CBM-PLA, 2017 WL 8237898, at *2 n.4 (C.D. Cal. Oct. 27, 2017); *see also Ovieda v. Sodexo*

*Operations, LLC*, No. CV 12-1750-GKH (SSx), 2013 WL 12122413, at *6 (C.D. Cal. Oct. 9, 2013). Broad references to "employees, agents, or independent contractors" on a topic are insufficient. *Gold Value*, 2017 WL 8237898 at *2 n.4. This Court struck witness declarations for individuals who the offering party did not previously disclose in this way in *Gold Value*. *Id.* The Court should apply the same analysis and reach the same conclusion here.

Disney served its Rule 26 disclosures on January 29, 2021. (Lowe Decl. Ex. W.) Disney did not identify Mr. Jessen, Mr. Parras, or Ms. Cline in those disclosures. (*See id.*) For that reason, Disney's reliance on their declarations for summary judgment is prejudicial now because Alfred and Martinez had no reason to depose them before. *See, e.g.*, *Medina v. Multaler, Inc.*, 547 F. Supp. 2d 1099, 1105 n.8 (C.D. Cal. 2007) (noting Rule 37 exclusions are "automatic" unless disclosure was harmless); Fed. R. Civ. P. 37(c)(1). Thus, Alfred and Martinez object to Disney's declarations from these undisclosed witnesses and undisclosed exhibits.

Even if the declarations and evidence were proper, Alfred and Martinez further object to the relevance and materiality of their contents. Evidence about the ride is improper when the sole issue is substantial similarity between the *Pirates* film and *Pirates* screenplay. (*See* Dkt. 121.) And particularly so when, as here, Disney agrees that the ride is "not material to the determination that the works are . . . substantially similar as a matter of law." (Answering Brief at 5, *Alfred v. Walt Disney Co.*, No. 19-55669 (9th Cir. Dec. 20, 2019) (Dkt. 28).) As another independent basis, Alfred and Martinez object that the evidence is inauthentic and hearsay, especially when the declarations are properly struck. Fed. R. Evid. 802, 901. For instance, Disney tries to offer rank hearsay through a third-party magazine article about its ride. (*See* Dkt. 166 Ex. B.) The videos of the purported ride are

likewise third-party, uncorroborated hearsay. (*See* Dkt. 167.) The Court should strike the declarations and corresponding exhibits.

## II. The Court should exclude the opinions of James McDonald.

Alfred and Martinez object to Disney's reliance on its expert (and employee) James McDonald. Federal Rule of Evidence 702 bars improper expert testimony, which the Court may not consider against a non-moving party. Mr. McDonald's opinions are unreliable and irrelevant because he applied the wrong legal standards. First, Mr. McDonald conducted an irrelevant "novelty" analysis. (Lowe Decl. Ex. R at 20-23.) But novelty is not relevant under copyright law. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) ("[N]ovelty is not required."). To the contrary, "novelty" is a patent law requirement. *See, e.g.*, 35 U.S.C. § 102(a). Mr. McDonald's opinions that elements of Alfred and Martinez's original screenplay fail this "novelty" standard and are "uninventive" (another patent law doctrine) are irrelevant and will not assist the jury. The Court should exclude his opinions because they will confuse and mislead the jury.

Second, and what makes Mr. McDonald's "novelty" analysis even worse, is that Mr. McDonald did not apply the standard mandated by the Ninth Circuit. The Ninth Circuit remanded this case for a comparison of "the original selection and arrangement of the unprotectible elements between the two works." *Alfred v. Walt Disney Co.*, 821 F. App'x 727, 729 (9th Cir. 2020). This decision is the law of the case, and thus binding no matter how much Mr. McDonald disagrees with it. *See, e.g., Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007).

Yet Mr. McDonald still refused to apply the standard dictated by the Ninth Circuit. Instead, Mr. McDonald only applied the "filtration" test, which only looks for individually protectible elements. (Lowe Decl. Ex. Q at 53:25-54:25.) The original selection and arrangement test considers the overall collection of even

unprotectible elements. And Mr. McDonald knows this. (*Id.* at 46:22-25 ("[I]f you select a bunch of common items that are not protectable in and of themselves but you arrange them in a unique and original fashion that that is protectable.").) But Disney's counsel did not ask him to perform this analysis. (*Id.* at 54:3-25.) Thus, the Court should exclude Mr. McDonald's opinions that the works are not substantially similar because Mr. McDonald did not complete the proper analysis.

### III. Alfred and Martinez object to Disney's Exhibit D to the Gray Declaration because it circumvents the Court's page limits.

The Court should not allow Disney to augment its memorandum of law through attorney declarations. The Local Rules required Disney to state its argument in a memorandum of law not to exceed 25 pages. C.D. Cal. R. 7-5(a). Declarations "shall contain only factual, evidentiary matter." *Id.* R. 7-7. Courts strike declarations and exhibits that include improper argument: "district courts in this Circuit have stricken portions of declarations, as well as entire declarations where these contained improper argument that should have been included in a memorandum of points and authorities, rather than a declaration." *Fuchs v. State Farm Gen. Ins. Co.*, No. CV 16-01844-BRO-GJS, 2017 WL 4679272, at *2-3 (C.D. Cal. Mar. 6, 2017). The most serious violation of this rule is when parties try to incorporate the improper material by reference. In *Juarez v. Precision Valve & Automation, Inc.*, for instance, Judge Wright struck a party's attempt to do so because it was a "blatant attempt to circumvent the page limitation for opposition papers." No. 2:17-cv-03342-ODW(GJS), 2018 WL 6834296, at *5 (C.D. Cal. Dec. 27, 2018).

The Court should likewise strike Exhibit D to the Gray Declaration as it is an attempt tries to incorporate by reference 15 more pages into its brief. (Dkt. No. 165 Ex. D.) This exhibit to a declaration from Disney's counsel contains an undisclosed 15-page argument over some 49 purported similarities between Plaintiffs'

Screenplay and the Pirates of the Caribbean ride at Disneyland. (*Id.*) This exhibit purports to "fully detail[]" Disney's argument over the alleged "copying of the ride." (Dkt. 163 at 14.) Not only is such an argument legally irrelevant and immaterial, it belongs in Disney's memorandum of law. The Court should strike this improper exhibit to Disney's attorney declaration.

### IV. Alfred and Martinez object to the numerous immaterial facts Disney advances in its Statement of Undisputed Material Facts.

Disney's Statement of Undisputed Material Facts contains 185 facts—the vast majority of which are not relevant or material to the sole question before the Court: whether the *Pirates* screenplay and *Pirates* film share substantial similarities. (*See* Dkt. 121 ¶¶ 2, 14 ("Walt Disney Pictures may file a motion for summary judgment on *only* the issue of substantial similarity" as between the screenplay and the film).) Disney was obligated to submit only those undisputed facts that were *material*. C.D. Cal. L.R. 56-1. But three submitted categories are legally irrelevant and immaterial: (1) comparisons to the ride, (Answering Brief at 5, *Alfred v. Walt Disney Co.*, No. 19-55669 (9th Cir. Dec. 20, 2019) (Dkt. 28) (arguing the ride is "not material" to a determination of substantial similarity)); (2) comparison of differences between the *Pirates* screenplay and film, *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 852 (9th Cir. 2012) (framing differences as immaterial when similarities exist); and (3) references to the now-superseded original complaint, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (identifying that amendment renders original complaint non-existent). Furthermore, as each fact does not inform whether there are substantial *similarities* between the *Pirates* screenplay and film, the Court should strike them as immaterial under Federal Rule of Civil Procedure 56(c)(2), and irrelevant under Federal Rule of Evidence 402.

## Conclusion

Alfred and Martinez object to Disney's reliance on this inadmissible evidence. They ask the Court to exclude this evidence and not consider it during summary judgment.

Dated: September 28, 2021

**LOWE & ASSOCIATES, PC**

By: */s/ Steven T. Lowe, Esq.*
Steven T. Lowe, Esq.
Aleksandra Hilvert, Esq.

**ROBINS KAPLAN LLP**
Patrick M. Arenz (pro hac vice pending)

*Attorneys for Plaintiffs*
*Arthur Lee Alfred, II, et al.*