**LOWE & ASSOCIATES, PC**
Steven T. Lowe (SBN 122208)
*steven@lowelaw.com*
Aleksandra Hilvert (SBN 258463)
*aleksandra@lowelaw.com*
8383 Wilshire Blvd, Suite 1038
Beverly Hills, California 90211

**ROBINS KAPLAN LLP**
Ronald J. Schutz
(MN Bar No. 0130849) (Pro hac vice)
rjschutz@robinskaplan.com
Patrick M. Arenz
(MN Bar No. 0386537) (Pro hac vice)
parenz@robinskaplan.com
Brandon J. Pakkebier
(MN Bar No. 0400691) (Pro hac vice)
bpakkebier@robinskaplan.com
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone:   612 349 8500
Facsimile:   612 339 4181

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE ALFRED, II et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE WALT DISNEY COMPANY et al., <br><br> Defendants. | Case No. 2:18-cv-08074-CBM-AS <br><br> **PLAINTIFF'S [PROPOSED] SUR-REPLY TO DISNEY'S REPLY RE: MOTION FOR SUMMARY JUDGMENT** <br><br> Date: October 19, 2021 <br> Time: 10:30 am <br> Courtroom: 8B <br> Judge: Hon. Consuelo B. Marshall |

None of Disney's new or misleading arguments in its reply brief warrants any relief. Plaintiffs Alfred and Martinez focus on eleven examples below that pervade Disney's reply brief. The Court should deny Disney's motion in full.

## ARGUMENT

**1. Disney's efforts to revive *Benay* and *Funky Films* fails (Dkt. 186 at 2-3, 4-5).** To start, Disney fails to dispute that the Ninth Circuit addressed no expert dispute in either case—just as Alfred and Martinez showed. Even then, the district court in *Benay* did not resolve competing expert testimony, as here. Rather, the district court mentioned the plaintiff's "unsworn" expert statement was improper and, even if considered, was entitled to little weight because the record was otherwise undisputed that the movie's premise involved a historical fact. *Benay v. Warner Bros. Ent.*, 2008 WL 11336277, at *10 (C.D. Cal. Mar. 14, 2008).

**2. Disney's reliance on *Gable v. NBC* and *Bernal v. Paradigm Talent & Literary Agency* also fail (Dkt. 186 at 3-4).** Those cases, like *Benay* and *Funky Films*, stand for the mundane position that some courts have decided no substantial similarity as a matter of law based on the works alone.[1] But the Ninth Circuit has already rejected that position here when it compared the *Pirates* screenplay and *Pirates* film alone. And Disney's contention that expert testimony "will seldom be necessary" (Dkt. 186 at 5: 26-27) is academic at best because the Ninth Circuit invited expert testimony here. *Alfred v. Walt Disney Co.*, 821 F. App'x 727, 729 (9th Cir. 2020); *see also Shaw v. Lindheim*, 919 F.2d 1353, 1360 (9th Cir. 1990) ("It is not the district court's role, in ruling on a motion for a summary judgment, to limit the interpretive judgment of each work to that produced by its own experience.").

**3. Disney mischaracterizes Professor Román's work (Dkt. 186 at 6:5-6).**

---

[1] *Gable* also involved no expert testimony for plaintiff, as plaintiff's report from an unqualified "expert" was inadmissible. 727 F.Supp.2d 815, 833-35 (C.D. Cal. 2010). The substantial similarity findings in both *Gable* and *Bernal* could be considered *dicta* as both also found claims of access failed as a matter of law. *Id.* at 831; 788 F.Supp.2d 1043, 1058 (C.D. Cal. 2010). *Gable* and *Bernal* are also inapplicable because they all failed to apply the selection and arrangement test. 727 F.Supp.2d at 837-48; 788 F.Supp.2d at 1063-72.

Disney belittles this tenured professor's work as all he "really did was read and analyze Plaintiffs' Ninth Circuit brief and verify the accuracy of said similarities therein." *Id.* Professor Román's detailed report and testimony belies this accusation. Lowe Decl. Ex. M at 40-41 ("Q: Did you use [Plaintiff's Ninth Circuit Brief] you were given as a basis for writing up your own report? A: No.").[2] Indeed, Professor Román —through his unique qualifications in comparative literature—is the *only* expert to study and identify patterns to arrive at an opinion on the selection and arrangement test. And Disney continues to ignore that his report explains the qualitative importance of the similarities across works. *See, e.g.*, Román Decl. Ex. J at 4-7 (opining that certain similarities are qualitatively significant because they defied the archetypical pirate story). Nor has Disney offered any basis under routine summary judgment principles for the Court to weigh or discredit Professor Román's testimony. If Disney wanted Professor Román's testimony excluded, then it should have filed a *Daubert* motion. It did not, and thus Disney may not ask the Court to weigh and disregard his testimony.

    **4.  Disney does not support its response about originality/protectability (Dkt. 186 at 7:1-4).** Disney's citation to *Funky Films* provides no support for its contention that originality is "necessary" but "not sufficient to establish the work's protectability." *Id.* Disney also offers no authority to rebut established law that questions of originality/protectability are issues of fact. And the undisputed record is that no prior pirate work selected and arranged the elements of the *Pirates* screenplay in the original manner that Alfred and Martinez chose. *See, e.g.*, Dkt. 185 ¶¶ 5-6.[3] At minimum, a fact dispute exists over the originality of the constituent elements that Disney copied from the *Pirates* screenplay.

    **5.  Disney is also wrong about *Metcalf* (Dkt. 186 at 7:8-11).** Metcalf is *not*

---

[2] Professor Román independently verified the similarities relied on by the Ninth Circuit separate from his comparative literature analysis. Román Decl. Ex. J at 3-4.
[3] Disney's new conclusory assertion in a footnote, based on an unreliable hearsay reference from Wikipedia, warrants no relief from this Court. *Cf.* Dkt. 186 at 8 n.3.

| PLAINTIFFS' SUR-REPLY TO DISNEY'S REPLY | 2:18-CV-08074-CBM-ASX |
| --- | --- |

1  "the only Ninth Circuit case to hold that the selection and arrangement of

2  unprotectable elements in a *narrative* work sufficed to create a question of fact on the

3  extrinsic test." *Id.* The Ninth Circuit reached the same conclusion in *Shaw*, 919 F.2d

4  at 1358-63, just as Alfred and Martinez explained in opposition. Dkt. 184 at 23.

5      **6.  Disney misapplies *Silas v. HBO* here (Dkt. 186 at 8:5-8).** Disney erred

6  when it relied on *Silas v. HBO* to suggest that a plaintiff may not succeed on a

7  selection and arrangement theory when "many of the most significant elements in the

8  plaintiff's work have no correlates [sic] in the defendant's." *Id*. To start, the Ninth

9  Circuit already recognized "striking differences" between works, and *still* found error

10  without the selection and arrangement test. *Alfred*, 821 F. App'x at 728-29. Thus, the

11  dicta in *Silas* has no application here, and even then, conflicts with the Ninth

12  Circuit's refusal to look at dissimilarities more generally. *See* Dkt. 184 at 25-26; *see*

13  *also Shaw*, 919 F.2d at 1358-63 (finding sufficient pattern of similarities "[d]espite

14  these dissimilarities").

15      **7.  Disney waived any argument about the Rascal Scoundrels (Dkt. 186 at**

16  **1).** "[A] party may not make new arguments in the reply brief." *Stevens v. Harveston*

17  *Cmty. Ass'n*, 2019 WL 1670824, at *3 (C.D. Cal. Feb. 19, 2019). Yet Disney made

18  no argument about these characters in its opening brief. *See generally* Dkt. 163. Even

19  so, the record details similarities between the Rascal Scoundrels in the screenplay and

20  the crewmembers in the film. Román Decl. ¶ 9; Ex. J at Ex. B (pg. 12-13). That one

21  set of characters is adults and the other children is immaterial because the law does

22  not require an exact copy. *See, e.g.,* Nimmer on Copyright § 13.03(a)(1) (2021)

23  ("copyright cannot be limited literally to the text or else a plagiarist would escape by

24  immaterial variations").

25      **8.  Disney's representation that "Plaintiffs' central contention is that the**

26  **Motion Picture took the idea of skeleton pirates from the Screenplay" is untrue**

27  **(Dkt. 186 at 2:11-12).** The Ninth Circuit rejected this argument in its decision when

28  it identified a broader combination of key similarities *(Alfred*, 821 F. App'x at 729),

PLAINTIFFS' SUR-REPLY TO DISNEY'S REPLY                    2:18-CV-08074-CBM-ASX

1  and Alfred and Martinez surveyed more similarities across the relevant factors in its

2  opposition brief too. Dkt. 184 at 19-25. This pattern of similarities tracks *Metcalf* and

3  *Shaw*,[4] and thus distinguishes Disney's generic reliance on the unpublished district

4  court decisions in *DuMond v. Reilly*, 2021 WL 733311 (C.D. Cal. Jan. 14, 2021), and

5  *Flynn v. Surnow*, 2003 WL 23411877 (C.D. Cal. Dec. 9, 2003).

6  **9.  Disney's contention that the 1968 and 2005 versions of the ride**

7  **"depict[] that same skeleton" is false (Dkt. 186 at 14:17-20).** Alfred and Martinez

8  established that *only* the skeleton in the 2005 version moves. *See, e.g.*, Dkt. 185 at 33

9  ¶157. Thus, Disney *changed* that skeleton—among other changes—between 1968

10 and 2005. Only Disney knows when those changes were made and by whom. Yet

11 Disney disclosed no evidence or witnesses with this information in its Rule 26(a)

12 disclosures, and Alfred and Martinez took no discovery on this issue because the

13 entire subject is outside the scope of the parties' stipulation. That Disney represented

14 that the ride was "not material" to a substantial similarity determination was one

15 reason for this stipulation. Disney's reliance on this material now is unfairly

16 prejudicial because Alfred and Martinez received no discovery on this subject matter.

17 **10.  Disney continues to trample on its stipulation to limit the scope of this**

18 **motion (Dkt. 186 at 13).** Disney offers no response to the unambiguous stipulated

19 language that this motion is limited to substantial similarity. Dkt. 184 at 29. Yet

20 Disney continues to pursue its affirmative defense that the screenplay is unauthorized

21 derivative work. Dkt. 186 at 13. However distasteful and improper to renege on its

22 stipulation, Disney is also wrong. Disney's reliance is on *Sobhani v. @Radical.Media*

23 *Inc.*, which involved a television commercial featuring a Jack-in-the-Box mascot

24 head. 257 F.Supp.2d 1234 (C.D. Cal. 2003). While the mascot head in that

25 ――――――――――――――

26 [4] In *Shaw*, the Ninth Circuit found the selection and arrangement test satisfied "where plot is . . .
properly defined as the sequence of events by which the author expresses the theme or idea, it

27 constitutes a pattern which is sufficiently concrete so as to warrant a finding of substantial
similarity if it is common to both the plaintiff's and defendant's works." *Shaw*, 919 F.2d at 1363.

28 And that is what Plaintiffs have done here. *See, e.g.*, Dkt. 184 at 14-25.

PLAINTIFFS' SUR-REPLY TO DISNEY'S REPLY                 2:18-CV-08074-CBM-ASX

commercial "pervaded" both works, the same is not true here. Even Disney's expert admits that the screenplay is original. Lowe Decl. ¶ 4 & Ex. O at 78:14-21. And Disney has not disputed that any *de minimis* references in the screenplay to the ride amount to no more than 2 out of 104 pages of the screenplay. Alfred Decl. ¶ 15; Martinez Decl. ¶ 14. Even if the issue were properly before the Court, Disney has failed to show the lack of any fact dispute that the ride "pervaded" the screenplay— let alone, that the screenplay infringes any copyright in the ride. Indeed, *de minimis* use, even from a copyrighted work, cannot establish substantial similarity. *See, e.g.*, *Bell v. Wilmott Storage Servs., LLC*, 2021 WL 4097499, at *6-10 (9th Cir. 2021).

**11. Disney's hyperbole about the ride references ignores the evidence (Dkt. 186 at 15).** First, Disney claims that the screenwriters "stole" the ride's name. This contention is false because a title is unprotectable as a matter of law, and so there is nothing to steal. *See* Dkt. 184 at 29. Second, Disney claims that the screenwriters "stole" the "Yo Ho" song. But a simple comparison of the words belies any such allegation. *See* Dkt. 177-3 ¶16. Third, and relatedly, Disney's arguments over "filtering" fail as a result. Alfred and Martinez do not rely on the ride for the unique and detailed combination of elements—including those relied on by the Ninth Circuit—to support its copying claim, and Disney has not shown otherwise. Finally, Disney offers no rebuttal to the detailed record that Disney requested the screenplay with knowledge about its subject matter, escalated it to high-ranking Disney executives, and kept it for two years while it copied critical portions of it to make its blockbuster film. *See, e.g.*, Martinez Decl. ¶30, Ex. C; Laiter Decl. ¶¶ 6-8. Disney's close relationship with the screenwriters through *Red Hood* also enhances the conclusion that any *de minimis* references were not unauthorized. This unrebutted record renders Disney's reliance on *McIntosh v. N Cal. Universal Ents. Co.*, 670 F.Supp.2d 1069 (E.D. Cal. 2009) misplaced.

## CONCLUSION

Alfred and Martinez ask the Court to deny Disney's motion in full.

PLAINTIFFS' SUR-REPLY TO DISNEY'S REPLY          2:18-CV-08074-CBM-ASX

1

Dated: October 11, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LOWE & ASSOCIATES, PC**

By: /s/ Steven T. Lowe
  Steven T. Lowe, Esq.
  Aleksandra Hilvert, Esq.

**ROBINS KAPLAN LLP**

By: /s/ Patrick M. Arenz
  Ronald J. Schutz (Pro hac vice)
  Patrick M. Arenz (Pro hac vice)
  Brandon J. Pakkebier (Pro hac vice)

*Attorneys for Plaintiffs*
*Arthur Lee Alfred, II, et al.*

PLAINTIFFS' SUR-REPLY TO DISNEY'S REPLY                    2:18-CV-08074-CBM-ASX