KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
ROSE L. EHLER (State Bar No. 296523)
rose.ehler@mto.com
JULIANA M. YEE (State Bar No. 304564)
juliana.yee@mto.com
ROBIN S. GRAY (State Bar No. 316544)
robin.gray@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

*Attorneys for Defendant Walt Disney
Pictures*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE ALFRED, II et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PICTURES,<br><br>Defendant, | Case No. 2:18-CV-08074-CBM-ASx<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO [1] CERTIFY THE COURT'S ORDER DENYING SUMMARY JUDGMENT ON SUBSTANTIAL SIMILARITY (Dkt. 200) FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND [2] STAY PENDING RESOLUTION OF INTERLOCUTORY APPEAL**<br><br>*[Filed concurrently with Declaration of Rose L. Ehler; Proposed Order]*<br><br>Judge:  Hon. Consuelo B. Marshall<br><br>Hearing Date:  February 15, 2022<br>Time:             10:00 a.m.<br>Place:            Courtroom 8B |

## NOTICE OF MOTION AND MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND STAY PENDING APPEAL

PLEASE TAKE NOTICE that, on February 15, 2022, at 10:00 a.m., in Courtroom 8B of the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, California, 90012, or as soon thereafter as this matter may be heard by the Honorable Consuelo B. Marshall, Defendant Walt Disney Pictures will and hereby does move pursuant to 28 U.S.C. § 1292(b) to certify for interlocutory appeal the Court's December 16, 2021 Order denying Defendant's motion for summary judgment regarding substantial similarity (Dkt. 200, the "Order"), and pursuant to 28 U.S.C. § 1292(b) and the Court's inherent authority, to stay further proceedings in this matter pending resolution of Defendant's interlocutory appeal.

Certification is appropriate because [1] the Order presents the controlling question whether the existence of admissible dueling expert reports precludes summary judgment on substantial similarity, or whether a district court must evaluate the expert opinions on each element of the extrinsic test to determine if there are genuine disputes of material fact regarding whether the allegedly similar elements are protectable under copyright; [2] substantial grounds exist for a difference of opinion regarding that question; and [3] the result of the appeal may be to dispose of this case entirely or significantly limit the issues for trial. A stay should be granted pending the resolution of appeal, because the appeal may eliminate the need for further discovery or trial; discovery has only just started on the non-expert issues in the case; and there is no prejudice to Plaintiffs, who delayed bringing this case for 14 years after the release of *Pirates of the Caribbean: Curse of the Black Pearl* ("*Curse of the Black Pearl*").

This motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of Rose L. Ehler ("Ehler Decl."); any reply papers that may be submitted by Defendant; oral argument of

counsel; all pleadings and papers on file in this action; and such other matters as properly may come before the Court for its consideration.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 11, 2022.  *See* Ehler Decl. ¶ 4.

DATED:  January 18, 2022                MUNGER, TOLLES & OLSON LLP


By:   _/s/ Rose L. Ehler_____
ROSE L. EHLER
*Attorneys for Defendant Walt Disney Pictures*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................ 1

II.     BACKGROUND ................................................................................. 2

III.    LEGAL STANDARD ......................................................................... 5

IV.     ARGUMENT ...................................................................................... 6

      A.      The Court Should Certify The Order So The Ninth Circuit Can Resolve Whether The Presence Of Dueling Experts Necessarily Precludes Summary Judgment On Substantial Similarity ..................... 6

            1.      Factor 1:  Whether "Dueling Experts" Require A Jury Trial On Substantial Similarity Is A Controlling Question Of Law ..................................................................................... 6

            2.      Factor 2:  A Substantial Ground For Difference Of Opinion Exists Because Other Courts Have Granted Summary Judgment Despite The Existence Of "Dueling Experts" ........................................................................... 11

            3.      Factor 3:  An Immediate Appeal Would Dispose Of This Case, Or Limit The Issues For Trial ........................................... 13

      B.      The Court Should Stay This Action While The Appeal Is Pending For Judicial Economy And Because Plaintiffs Will Not Be Prejudiced ......................................................................................... 14

V.      CONCLUSION ................................................................................. 16

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**FEDERAL CASES**

4

*8th Wonder Ent., LLC v. Viacom Int'l, Inc.*,

5

2016 WL 6882832 (C.D. Cal. Nov. 22, 2016) ...................................................... 12

6

*Alfred v. Walt Disney Co.*,

7

821 F. App'x 727 (9th Cir. 2020) ............................................................. 4, passim

8

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,

9

634 F. Supp. 2d 1081 (E.D. Cal. 2008) ...................................................... 14, 15

10

*Benay v. Warner Bros. Entm't, Inc.*,

607 F.3d 620 (9th Cir. 2010) .......................................................................... 3

11

*Bernal v. Paradigm Talent & Literary Agency*,

12

788 F. Supp. 2d 1043 (C.D. Cal. 2010) ............................................................ 13

13

*Brown Bag Software v. Symantec Corp.*,

14

960 F.2d 1465 (9th Cir. 1992) ....................................................................... 11

15

*Cavalier v. Random House, Inc.*,

16

297 F.3d 815 (9th Cir. 2002) ........................................................................ 7

17

*In re Cement Antitrust Litig.*,

18

673 F.2d 1020 (9th Cir. 1981) ....................................................................... 6

19

*City of L.A. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,

20

2014 WL 12573322 (C.D. Cal. Apr. 29, 2014) .................................................. 15

21

*Counts v. Meriwether*,

2015 WL 9594469 (C.D. Cal. Dec. 30, 2015) ............................................... 7, 12

22

*Couch v. Telescope Inc.*,

23

611 F.3d 629 (9th Cir. 2010) ........................................................................ 11

24

*DC Comics v. Towle*,

25

802 F.3d 1012 (9th Cir. 2015) ....................................................................... 3

26

*Environmental World Watch, Inc. v. Walt Disney Co.*,

27

2014 WL 10979864 (C.D. Cal. Apr. 2, 2014) .................................................. 14

28

**TABLE OF AUTHORITIES**
(Continued)

Page(s)

*Filtrol Corp. v. Kelleher*,
  467 F.2d 242 (9th Cir. 1972) ................................................................. 14

*Funky Films, Inc. v. Time Warner Ent. Co.*,
  462 F. 3d 1072 (9th Cir. 2006) ................................................................. 3

*Johannsongs-Publ'g, Ltd. v. Lovland*,
  2020 WL 2315805 (C.D. Cal. Apr. 3, 2020) ........................................... 12

*Koby v. ARS Nat'l Servs., Inc.*,
  2010 WL 5249834 (S.D. Cal. Dec. 23, 2010) ......................................... 15

*Lewert v. Boiron, Inc.*,
  212 F. Supp. 3d 917 (C.D. Cal. 2016) ...................................................... 6

*Masterson v. Walt Disney Co.*,
  821 F. App'x 779 (9th Cir. 2020) ........................................................... 10

*Mattel, Inc. v. MGA Entm't, Inc.*,
  616 F.3d 904 (9th Cir. 2010) .................................................................... 3

*McRae v. Smith*,
  968 F. Supp. 559 (D. Colo. 1997) ............................................................. 9

*Mineworkers' Pension Scheme v. First Solar Inc.*,
  881 F.3d 750 (9th Cir. 2018) .................................................................... 5

*Narell v. Freeman*,
  872 F.2d 907 (9th Cir. 1989) .................................................................. 10

*Primavera Familienstifung v. Askin*,
  139 F. Supp. 2d 567 (S.D.N.Y. 2001) ..................................................... 13

*Pringle v. Adams*,
  2012 WL 1103939 (C.D. Cal. Mar. 30, 2012) ......................................... 13

*Reese v. BP Expl. (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011) ...................................................... 5, 6, 11, 13

*Rice v. Fox Broad. Co.*,
  330 F.3d 1170 (9th Cir. 2003) ................................................................ 10

# TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Rollins v. Dignity Health*,
  2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) .................................................. 14

*Shame on You Prods., Inc. v. Banks*,
  120 F. Supp. 3d 1123 (C.D. Cal. 2015) ........................................................... 3

*Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*,
  952 F.3d 1051 (9th Cir. 2020) ........................................................................ 3

*Smith v. Jackson*,
  84 F.3d 1213 (9th Cir. 1996) .......................................................................... 10

*Stabile v. Paul Smith Ltd.*,
  137 F. Supp. 3d 1173 (C.D. Cal. 2015) ....................................................... 9, 13

*Su v. Siemens Indus., Inc.*,
  2014 WL 2600539 (N.D. Cal. June 10, 2014) ................................................ 15

*Swirsky v. Carey*,
  376 F.3d 841 (9th Cir. 2004) ........................................................................... 7

*Union County v. Piper Jaffray & Co.*,
  525 F.3d 643 (8th Cir. 2008) .......................................................................... 11

*Youssofi v. Credit One Fin.*,
  2016 WL 6395086 (S.D. Cal. Oct. 28, 2016) ................................................. 14

*Zindel v. Fox Searchlight Pictures, Inc.*,
  815 F. App'x 158 (9th Cir. 2020) ................................................................... 10

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ................................................................... 1, 5, 6, 11, 14

**FEDERAL RULES**

Fed. Rule Civ. P. 12(b)(6) .............................................................................. 2, 4

**TREATISES**

16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2021) ............................................................................ 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Before the parties conduct substantial discovery and prepare for a trial centered on the question of substantial similarity,[1] Defendant Walt Disney Pictures ("WDP") respectfully requests that the Court certify for interlocutory appeal under 28 U.S.C. § 1292(b) its December 16, 2021 Order denying WDP's motion for summary judgment on substantial similarity (Dkt. 200, "Order").  WDP asks this Court to certify the Order so the Ninth Circuit may have the opportunity to resolve the following legal question, as to which that Court's memorandum disposition has created significant uncertainty that will impact many disputes:

> Does the presence of "dueling experts" automatically preclude summary judgment on substantial similarity, or must a court apply the objective criteria of the extrinsic test, evaluating the expert opinions on each element to determine if there are genuine disputes of material fact regarding whether the allegedly similar elements are protectable?

The Order meets all of the requirements for § 1292(b) certification:

First, the Court's ruling that a "battle of the experts" necessarily "create[d] a genuine issue of material fact" was a legal conclusion that determined WDP's motion.  (Order at 6.)  This Court, at the pleading stage, already concluded that the works in issue were not substantially similar as a matter of law because the allegedly similar elements were generic tropes common to the genre of pirate stories. Following remand, the Court on summary judgment did not analyze if the expert reports created genuine disputes on whether the elements were protectable; instead, the Court interpreted the Ninth Circuit's memorandum as foreclosing that inquiry

---

[1] Trials on the question of substantial similarity involving movies, television shows, and other popular motion picture works are highly uncommon.  According to Plaintiffs' counsel, only *2* such substantial similarity cases reached trial in either of the Second or Ninth Circuits during a 20-year period, with nearly all of the remaining *46* cases decided at summary judgment in defendants' favor.  *See* Steven Lowe, "Death of Copyright," *Los Angeles Lawyer*, at p. 34 (Nov. 2010), https://lowelaw.com/resources/publications/ (collecting cases).

where, as here, the experts reached different conclusions. Whether the Ninth Circuit required substantial similarity to be tried based on the fact of the existence of dueling expert reports, without an analysis of whether those reports created genuine disputes, presents a controlling question of law that the Ninth Circuit can and should answer before the parties proceed to prepare for trial.

Second, substantial grounds exist for differences in opinion on this controlling question. Numerous courts have granted summary judgment in analogous circumstances notwithstanding competing expert reports. Those cases had not previously been the subject of an appeal that determined dismissal at the 12(b)(6) stage was premature. The fact that this case arises out of that procedural background is an additional reason for certifying the Order.

Third, an immediate appeal would materially advance the termination of this litigation: After deciding the certified question presented, the Ninth Circuit may, if it deems efficient, conduct the extrinsic analysis, which may be resolved as a matter of law on appeal. If the Ninth Circuit holds there is no genuine issue of material fact, this lawsuit will be resolved and the parties and the Court will be spared burdensome discovery and trial practice. Even if the Ninth Circuit resolves only some of the proffered similarities, that would narrow the issues for trial.

Finally, a stay should be granted pending the resolution of appeal. Plaintiffs, who waited to bring this case for 14 years after the release of *Curse of the Black Pearl*, cannot be prejudiced by the time for appeal. The parties have already bifurcated discovery, so there is no risk of wasted effort if the case is stayed. These parties (and very likely other parties and courts) stand to benefit from clarity in the law on the important and recurring question WDP asks the Court to certify.

## II. BACKGROUND

On May 13, 2019, this Court granted WDP's motion to dismiss, finding the parties' works were not substantially similar as a matter of law. (Dkt. 93 at 18–19.) Applying the Ninth Circuit's extrinsic test for substantial similarity and comparing

the works along the dimensions identified in *Funky Films, Inc. v. Time Warner Entertainment Co.*, 462 F.3d 1072, 1078 (9th Cir. 2006), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (inverse-ratio rule), the Court first filtered out "unprotectable elements" of Plaintiffs' Screenplay:

- Plot:  Each allegedly similar element—cursed pirates, treasure maps, ghost pirates, the "undead" and supernatural, ships flying black sails, skeletons, privateers, naval attacks, dark fog, the "pirate code," ghosts, and sea monsters—is either *scenes a faire* or generic.  (Dkt. 93 at 7 & nn.7, 9, citing *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913, 917 (9th Cir. 2010); *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 625 (9th Cir. 2010).)

- Characters:  The characteristics of the main protagonist—a cocky, brave, and drunken pirate—are stock elements in the pirate genre. (Dkt. 93 at 9 & n.11, citing *DC Comics v. Towle*, 802 F.3d 1012, 1019 (9th Cir. 2015).)

- Theme:  Betrayal and mutiny are stock themes in the pirate genre. (Dkt. 93 at 13 & n.14, citing *Benay*, 607 F.3d at 627.)

- Mood:  Dark scenes with pirate battles and sea monsters are typical of the pirate genre.  (Dkt. 93 at 15 & n.23, citing *Shame on You Prods. v. Banks*, 120 F. Supp. 3d 1123, 1158 (C.D. Cal. 2015).)

- Setting:  The Caribbean, a "ghost ship," and a cavern were all unprotectable because Plaintiffs and WDP both took them from Disneyland's Pirates of the Caribbean Ride (the "Ride").  (Dkt. 93 at 16–17.)

After filtering out the unprotectable elements, the Court held that Plaintiffs' Screenplay and *Curse of the Black Pearl* were not substantially similar as a matter of law.  (*Id.* at 18.)

The Ninth Circuit reversed and remanded. *Alfred v. Walt Disney Co.*, 821 F. App'x 727 (9th Cir. 2020). The Ninth Circuit recognized this Court's holding that "many of the elements the two works share in common are unprotected generic, pirate-movie tropes." *Id.* at 729. Considering the case in light of the Rule 12(b)(6) standard, however, the Ninth Circuit held that, "*at this stage of the litigation*, it is difficult to know whether such elements are indeed unprotectible material." *Id.* (emphasis added). The court concluded that "[a]dditional evidence would help inform the question of substantial similarity." *Id.* In particular, the court said, "expert testimony would aid in determining whether the similarities Plaintiffs identify are qualitatively significant," i.e., whether similarities such as "treasure stories that take place on islands and in jewel-filled caves" and "stories of betrayal by a former first mate" are indeed unprotectable generic, pirate-movie tropes. *Id.*

On remand, Plaintiffs filed an amended complaint, asserting a single cause of action for copyright infringement. (Dkt. 112.) Following the Ninth Circuit's guidance, the parties stipulated to bifurcate discovery on substantial similarity—informed by expert testimony regarding the pirate genre—from all other fact discovery, so as to present a threshold substantial similarity question for summary judgment. (*See* Dkt. 122.)

After the parties exchanged expert reports and the experts were deposed, WDP filed its summary judgment motion. (Dkt. 163.) The Court's Order denied the motion. Although the Court had "previously conducted its own review of the works without expert testimony at the motion to dismiss stage …[,] finding the parties' works were not substantially similar as a matter of law," the Order found that the presence of dueling expert reports precluded summary judgment. (Order at 7.) The Order acknowledged other district courts in this Circuit had granted summary judgment on substantial similarity notwithstanding the presence of competing expert reports. But, the Order said, those cases did "not have a similar procedure posture to this case," i.e., a prior statement in an appellate decision that

"expert testimony 'would aid' in determining whether the works were substantially similar." (*Id.*)

Plaintiffs have now served extensive discovery, demonstrating their view that the trial in this case should be wide-ranging.  Plaintiffs seek, among other things, documents from more than two decades ago regarding the development of *Curse of the Black Pearl*; every document reflecting WDP's understanding of the pirate genre; revenues and expenses for *Curse of the Black Pearl*, and all of the sequels to that motion picture, and merchandise based on the motion pictures; and at least nine fact depositions, including of writers, producers, and studio executives.  (Ehler Decl., Exs. A [Plaintiffs' Requests for Production of Documents], B [email regarding depositions].)  Although WDP asked Plaintiffs to stipulate that the parties would agree to stay the case if the Court is inclined to grant this Motion, Plaintiffs declined.  *Id.* ¶ 4.  WDP therefore also served requests for production of documents and interrogatories on Plaintiffs.  *Id.* ¶ 5.

## III.   LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for immediate appeal if the order "'involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion' and [3] where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"  *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011) (quoting 28 U.S.C. § 1292(b)) (accepting certification of interlocutory appeal); *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 751 (9th Cir. 2018) (accepting certified appeal from denial of summary judgment).

IV.    **ARGUMENT**

A.    **The Court Should Certify The Order So The Ninth Circuit Can Resolve Whether The Presence Of Dueling Experts Necessarily Precludes Summary Judgment On Substantial Similarity**

1.    **Factor 1:  Whether "Dueling Experts" Require A Jury Trial On Substantial Similarity Is A Controlling Question Of Law**

Section 1292(b) certification requires (1) a question of law (2) that is controlling.  *Reese*, 643 F.3d at 687.

The question presented is one of law:  when does a plaintiff's expert testimony on substantial similarity necessarily raise a triable issue of fact, in light of the district court's duty to apply the extrinsic test?  This is not a question of discretion or fact.

That question is controlling here.  "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see also* 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2021) (collecting cases).

This Court found a genuine issue of material fact based on the competing conclusions of the parties' experts, without examining the substance of the two experts' analyses:

> Plaintiffs' expert opines that the parties' works are substantially similar and have original elements in common, whereas Defendant's expert opines that the parties' works are not substantially similar and common elements in the parties' works are common in the pirate genre generally. The opinions from the parties' experts thus creates a genuine issue of material fact in dispute regarding whether the works are substantially similar.

(Order at 6, citing *Lewert v. Boiron, Inc.*, 212 F. Supp. 3d 917, 937 (C.D. Cal. 2016), which found the "battle" between the parties' experts created a jury issue in a

non-copyright context.)[2]  The Court did not reach the extrinsic test in this pirates-genre case, citing the presence of the dueling expert reports and the Ninth Circuit's direction that expert testimony "would aid" the determination "whether the similarities Plaintiffs identify are qualitatively significant."  (Order at 7, quoting *Alfred*, 821 F. App'x at 729.)

Resolution of the interlocutory appeal in WDP's favor would likely lead to a different result (or at least a materially limited set of potentially protectable alleged similarities for trial).  If the Ninth Circuit says the existence of dueling expert reports does not in and of itself create a triable issue, either it or this Court must then apply the extrinsic test.  That test requires an "analytical dissection" of the works, including a determination of whether the allegedly similar elements are or are not protectable, "as measured by external, objective criteria," aided (or not) by expert evidence.  *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004) (citation omitted).  The ultimate question is whether *plaintiff* has met its burden to establish a genuine issue of fact requiring trial on one or more protectable identified similarities.  *See Cavalier v. Random House, Inc*., 297 F.3d 815, 824 (9th Cir. 2002) ("[I]f the [plaintiffs] cannot show a triable issue of fact under the extrinsic test, [defendants] necessarily prevail on summary judgment.").  Plaintiff's expert evidence would not survive this scrutiny.  Three examples from the reports illustrate this point:

**Cursed Pirates:**  At the 12(b)(6) stage, this Court had found that "[t]he idea of cursed pirates is scenes-a-faire and unprotectable."  (Dkt. 93 at 7.)  WDP's expert, Mr. McDonald, cited specific examples showing that cursed pirates have been stock elements of the pirate genre going back centuries, through centuries-old myths as well as more modern poems, novels, comics, video games, the Disneyland Ride, as well as numerous films from the last century, all of which contained

---

[2] *But see Counts v. Meriwether*, No. 2:14-cv-00396-SVW-CW, 2015 WL 9594469, at *9 (C.D. Cal. Dec. 30, 2015) ("[T]he existence of dueling experts does not necessarily present a triable issue of fact for the jury.").

examples of cursed pirates.  (Dkt. 133-1 at 26–27.)  Professor Román did not dispute that cursed pirates were generic, stock elements.  (*See* Dkts. 112-6, 139.)  Thus, the content of the reports leaves only one conclusion:  the cursed pirate element is not protectable and does not create a genuine issue for summary judgment.

**The Characteristics of the Protagonists (WDP's Jack Sparrow and Plaintiffs' Davey Jones):**  At the 12(b)(6) stage, the Court found that "cockiness, bravery, and drunkenness are generic, non-distinct characteristics which are not protectable."  (Dkt. 93 at 9.)  Mr. McDonald marshaled an array of sources showing that drunk pirates are in fact a trope in the pirate genre, including in the Ride that inspired both works.  (Dkt. 133-1 at 24; *see id.* at 11.)  Professor Román opined that both leading characters were similar because they were "disillusioned pirate[s] with a drinking problem."  But Professor Román did not refute that drunk pirates are generic and therefore unprotectable.  (*See* Dkt. 112-6 at 7–8.)  Again, Professor Román's reports failed to create a genuine issue of material fact because he did not refute that drunkenness is an unprotectable trope of the pirate genre, while Mr. McDonald's report confirmed that fact.

**Setting:**  In its dismissal Order, this Court found that "the settings of the parties' works aboard ships in the Caribbean and in a cavern are unprotectable because they flow from the natural premise of a story based on Disney's Pirates of the Caribbean theme park ride."  (Dkt. 93 at 17.)  Mr. McDonald confirms, supported by actual examples, that the Caribbean "is far and away the most common setting for the genre, and is the setting of numerous works cited by Plaintiffs as central to the genre."  (Dkt. 133-1 at 29, collecting works; *see id.* at 17–18.)  Professor Román's initial report did not analyze whether the Caribbean setting was *scenes a faire* for a pirate story.  (*See* Dkt. 112-6.)  In his rebuttal report, Professor Román stated only that, "even if the Caribbean is standard in many pirate stories, that doesn't mean that Plaintiffs' Screenplay doesn't tweak this element in new and

1   original ways." (Dkt. 139 at 14.)  This does not create a genuine dispute on whether

2   the setting is standard.  And Professor Román did not explain, much less cite any

3   evidence, showing how Plaintiffs "tweak[ed]" the Caribbean setting in any "new

4   and original way[]" that might somehow render it protectable.  Again, Professor

5   Román's report does not create any issue of fact.[3]

6                                        *        *        *

7            WDP appreciates that the Ninth Circuit's memorandum disposition said

8   "expert testimony would aid" in the analysis of whether elements were

9   unprotectable.  (Order at 7, quoting *Alfred*, 821 F. App'x at 729.)  The Order here

10  appears to conclude that the Ninth Circuit decision in this case tied this Court's

11  hands.  (*Id.*)  Respectfully, WDP submits that the Ninth Circuit's memorandum

12  disposition should not be read to foreclose application of the extrinsic test despite

13  competing expert reports on summary judgment.  First, the Ninth Circuit limited its

14  analysis to "*this stage of the litigation*," i.e., the motion to dismiss stage.  *Alfred*,

15  821 F. App'x at 729 (emphasis added).  Second, the Ninth Circuit did not disagree

16  with this Court's conclusions about the unprotectable nature of the allegedly similar

17  elements as a matter of law; that court said only that it was "difficult to know

18  whether such elements are indeed unprotectible material," and expert evidence

19  could illuminate that question.  *Id.*  Third, nothing in the Ninth Circuit's disposition

20  says the presence of competing expert reports precludes summary judgment.  Such a

21  rule would be in tension with numerous prior cases in which appellate courts have

22

23  [3] WDP's point is not that this Court should resolve disputed questions of fact in its
24  favor, but rather that when analyzed within the extrinsic rubric Professor Román's
    conclusory statements, Plaintiffs failed to raise a genuine dispute for trial.  *See, e.g.*,
25  *Stabile v. Paul Smith Ltd*., 137 F. Supp. 3d 1173, 1189 (C.D. Cal. 2015) (although
    plaintiff's expert "concludes in his report [the works] are 'strikingly similar' …. an
26  issue of fact is not created 'merely by [an expert] reciting the magic words
    "strikingly similar" and "no possibility of independent creation."'") (quoting *McRae*
27  *v. Smith*, 968 F. Supp. 559, 567 (D. Colo. 1997)).

28

1  affirmed summary judgment for defendants on substantial similarity,

2  notwithstanding that the parties submitted competing expert reports.[4]  WDP submits

3  the disposition should instead be read to say this Court should conduct the extrinsic

4  analysis by analyzing any expert reports and determining whether they create a

5  genuine dispute.

6      Certification of the Order will provide the Ninth Circuit the opportunity to

7  squarely address this issue, which is controlling in this case and which will likely be

8  controlling in future substantial similarity cases.  *See, e.g.*, *Zindel ex rel. David*

9  *Zindel Tr. v. Fox Searchlight Pictures, Inc.*, 815 F. App'x 158, 160 (9th Cir. June

10  22, 2020) (holding, similar to the Ninth Circuit here, that the district court should

11  permit "additional evidence, including expert testimony" that "would aid in the

12  objective literary analysis needed to determine the extent and qualitative importance

13  of the similarities that [plaintiff] identified in the works' expressive elements").

14

15

16

17  [4] *See, e.g.*, *Masterson v. Walt Disney Co.*, 821 F. App'x 779, 781 (9th Cir. 2020)

18  ("Indeed, this court has even found at the summary judgment stage that it is not an abuse of discretion to reject expert testimony when the court 'engage[s] in an

19  extensive analysis of the alleged similarities in expressive elements.'" (citation omitted)); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003) ("The

20  district court concluded that Rice's claims of substantial similarity were either foreclosed by the limiting doctrines of merger and scenes a faire, or too abstract to

21  constitute copyright infringement.  Because Kauffman's testimony merely restated many of these same generic similarities in expressive content, we are satisfied that

22  the district court was well within its discretion in disregarding Kauffman's testimony."); *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996) (affirming

23

24  summary judgment on *scenes a faire* when the district court "carefully compared the *scenes a faire* assertions" by competing experts, "properly considered all the

25  material in the record regarding scenes a faire motives and granted summary judgment only as to those motives that raised no genuine issue of material fact"

26  (emphasis added)); *Narell v. Freeman*, 872 F.2d 907, 913 (9th Cir. 1989) ("The comparative analytic dissection provided by the plaintiff's expert merely shows a

27  common use of unprotected historical facts and ordinary phrases, not extrinsic

28  similarity.").

**2.    Factor 2:  A Substantial Ground For Difference Of Opinion Exists Because Other Courts Have Granted Summary Judgment Despite The Existence Of "Dueling Experts"**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  "[I]dentification of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement."  *Id.* at 633–34 (quoting *Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 647 (8th Cir. 2008)); *see also Reese*, 643 F.3d at 688 (holding certification is appropriate if the "'appeal involves an issue over which reasonable judges might differ' and such 'uncertainty provides a credible basis for a difference of opinion'" (citation omitted)).

WDP cited a handful of cases in its summary judgment briefing as examples of disputes involving competing expert opinions on substantial similarity in which courts nevertheless applied the extrinsic test and granted summary judgment in defendants' favor.  (Dkt. 186 at 3, 4, citing *Funky Films*, *Benay*, *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815 (C.D. Cal. 2010), *Rice*, and *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992).)  Although the Court distinguished two of those cases (*Benay* and *Gable*) on the ground the courts had excluded the expert's testimony, *Funky Films* and the other cases cannot be so distinguished.  The only distinction between those cases and this one is that in those cases, the Ninth Circuit has said the case should proceed past a 12(b)(6) motion because "expert testimony *would aid* in determining whether the similarities Plaintiffs identify are qualitatively significant."  (Order at 7, emphasis added, citing Dkt. 103.)  WDP submits that this apparent conflict—between a long line of cases deciding substantial similarity as a matter of law notwithstanding the existence of competing expert reports and the Ninth Circuit's memorandum—creates precisely the sort of conflicting and contradictory opinions that reflect a substantial ground for disagreement justifying certification.

Indeed, there are many examples of courts in this District applying the extrinsic test and granting summary judgment on grounds of no substantial similarity notwithstanding the submission of expert testimony by the copyright plaintiffs.  WDP submits the Ninth Circuit should address what happened in this case and will happen in the future, given that in each of these other cases the court examined the substance of the expert's opinions to determine whether they *in fact* raised genuine disputes under the extrinsic test and, from WDP's research, resolutely answered "no":

- Recently, in *Johannsongs-Publishing Ltd. v. Lovland*, No. 18-CV-10009-AB (SSx), 2020 WL 2315805, at *1 (C.D. Cal. Apr. 3, 2020), *aff'd*, 2021 WL 5564626 (9th Cir. Nov. 29, 2021), the District Court granted summary judgment after finding plaintiffs' expert report failed to filter out generic elements or apply the extrinsic test.

- In *8th Wonder Entertainment, LLC v. Viacom International, Inc*., No. 2:14-cv-01748-DDP-JCGx, 2016 WL 6882832, at *7 (C.D. Cal. Nov. 22, 2016), the court analyzed the extrinsic test and granted summary judgment despite dueling expert reports, explaining, for example, that "Plaintiffs' expert …. fails to adequately substantiate why [certain elements] necessitate a particularly fast pace…."

- In *Counts*, 2015 WL 9594469, at *9, the court granted summary judgment despite dueling reports by experts who were "both … qualified to opine on the issue of substantial similarity."  The court explained that while it had "considered both parties' expert reports, and the objective facts stated therein regarding the works," the court nevertheless concluded those "reports offer little to that which the Court has observed in its own independent review of the works."  *Id.*, at *10.

- In *Stabile*, 137 F. Supp. 3d at 1189, the court granted summary judgment on substantial similarity despite dueling expert reports, noting that "courts have rejected or discounted expert evidence regarding striking similarity at the summary judgment stage where such evidence was conclusory, contradictory, failed to assert that independent creation was not possible, or compared non-protectable elements."

- In *Pringle v. Adams*, No. SACV 10-1656-JST (RZz), 2012 WL 1103939, at *6 (C.D. Cal. Mar. 30, 2012), *aff'd*, 556 F. App'x 586 (9th Cir. 2014), the court concluded on summary judgment that no reasonable juror could find substantial similarity between two songs where plaintiff's expert's conclusions were primarily based on a comparison of unprotectable elements.

- In *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1062 (C.D. Cal. 2010), the court held that "summary judgment on the issue of substantial similarity is appropriate where, even considering the experts' testimony, no reasonable jury could conclude that the objective components of the works are substantially similar."

To be sure, a court *may* find genuine issues of material fact on the basis of expert opinions that have sufficient support.  But the mere *existence* of competing opinions does not create a genuine issue of material fact for trial, nor mean a court should not evaluate the extrinsic test elements on summary judgment.  Were the opposite true, a profusion of such cases would surely reach trial.  *See supra* note 1.

### 3.     Factor 3:  An Immediate Appeal Would Dispose Of This Case, Or Limit The Issues For Trial

This factor is satisfied if the "appeal promises to advance the time for trial or to shorten the time required for trial." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (citations omitted); *Reese*, 643 F.3d at 688

(factor satisfied when some claims would be resolved).  The Ninth Circuit can both resolve the question presented and also reach the extrinsic test as a matter of law. Even if it does not, analyzing Plaintiffs' expert evidence under the extrinsic test will dispose of this case (or at a minimum, limit the issues for trial).  *See Env't World Watch, Inc. v. Walt Disney Co.*, No. CV 09-04045 DMG (PLAx), 2014 WL 10979864, at *4 (C.D. Cal. Apr. 2, 2014) (holding that certification would materially advance the litigation because if the defendants prevailed, "there will be no need for a trial on the issue").

While staying this case for a Ninth Circuit appeal may delay trial, that cannot be the dispositive factor.  *Youssofi v. Credit One Fin.*, No. 15-CV-1764-AJB-RBB, 2016 WL 6395086, at *5 (S.D. Cal. Oct. 28, 2016) ("[I]f the length of time spent on appeal were sufficient to defeat a motion for interlocutory appeal, no such appeal could ever be taken.").  Here, discovery is not anywhere near complete and nor is the trial on the horizon.  The opposite is true.  The parties specifically agreed to bifurcate discovery, which means that the parties are just *starting* discovery in earnest.  Refocusing their energies on the requested appeal would not result in wasted work as no responses to discovery have been served, no documents exchanged, nor deposition scheduled.  Certification would advance the ultimate termination of the litigation and avoid protracted and expensive litigation.

## B. The Court Should Stay This Action While The Appeal Is Pending For Judicial Economy And Because Plaintiffs Will Not Be Prejudiced

If the Court decides certification is warranted, Section 1292(b) provides the Court with authority to stay the proceedings.  Where, as here, a stay will achieve "economy of time and effort for [the Court], for counsel, and for litigants," district courts have stayed further proceedings pending disposition of the interlocutory appeal.  *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)); *Rollins v. Dignity Health*, No. 13-CV-01450-TEH, 2014 WL 6693891,

at *5 (N.D. Cal. Nov. 26, 2014) (granting stay pending certified appeal); *Su v. Siemens Indus., Inc.*, No. 12-CV-03743-JST, 2014 WL 2600539, at *3 (N.D. Cal. June 10, 2014) (staying proceedings pending interlocutory appeal and holding "the potential benefits to resolving the disputed legal questions now outweigh the potential benefits of proceeding to trial now and allowing appeal later"); *Koby v. ARS Nat'l Servs., Inc.*, No. 09CV0780 JAH (JMA), 2010 WL 5249834, at *4 (S.D. Cal. Dec. 23, 2010) (staying proceedings pending interlocutory appeal where "a decision by the Ninth Circuit will likely simplify the issues to be tried").

The parties specifically agreed to bifurcate the case as between expert evidence on substantial similarity and all other issues. (*See* Dkt. 122.)  In the current posture, where the Court has denied summary judgment, the parties are about to engage in months of expensive, burdensome, and potentially unnecessary discovery.  Plaintiffs have served 38 requests for production and 19 interrogatories and have indicated they intend to take 9 depositions in the near future, primarily of industry executives, producers, and writers who no longer work for WDP.  "It would be a waste of judicial and party resources to proceed … while the appeal is pending."  *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1094.  Judicial economy merits a stay.

In deciding whether to grant a stay, the Court may consider the equities, i.e., "the hardship or inequity which a party may suffer in being required to proceed, against whether a stay would cause undue prejudice or present a clear tactical disadvantage to the non-moving party."  *City of L.A. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. CV 12-07662 BRO (AGRx), 2014 WL 12573322, at *11 (C.D. Cal. Apr. 29, 2014).  Here, the equities tip decidedly in favor of a stay.  WDP would be substantially prejudiced without a stay by being forced to proceed through discovery and toward a trial that may be moot if the Ninth Circuit accepts review of the certified Order and determines summary judgment should have been granted.

1    By contrast, Plaintiffs have no grounds to claim prejudice from a stay.

2  Plaintiffs themselves delayed bringing this case for *14 years* after *Curse of the Black*

3  *Pearl* was released in 2003.  Plaintiffs may not complain that memories are at risk of

4  fading if a stay is granted:  memories undoubtedly faded during the nearly decade-

5  and-a-half they waited to file suit.  *Cf. id.* ("The risk of faded memories is an even

6  greater reason the Ninth Circuit should decide this controlling, novel legal issue

7  prior to trial, lest the parties have to return after a reversal on appeal post final

8  adjudication.").  While Plaintiffs undoubtedly may want to rush toward trial to drive

9  up the threatened value of the case, that is a tactical interest, not an equitable

10  consideration.

11    In sum, a stay pending resolution of the interlocutory appeal will promote

12  economy of time and effort for the Court, counsel, and the parties by deferring

13  further fact discovery and the trial, unless and until the Ninth Circuit considers an

14  important legal question that presents substantial ground for differences of opinion

15  that impact not only this dispute, but likely many others.

16  **V.    CONCLUSION**

17    WDP respectfully requests that the Court certify its Order and stay further

18  proceedings in this matter pending resolution of the interlocutory appeal.

19

20

21  DATED:  January 18, 2022             MUNGER, TOLLES & OLSON LLP

22                                        By:  ___*/s/ Rose L. Ehler*___

23                                             ROSE L. EHLER
                                             *Attorneys for Defendant Walt Disney Pictures*
24

25

26

27

28

DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND STAY PENDING APPEAL