# EXHIBIT 1

**EXHIBIT 1**
- 5 -

**LOWE & ASSOCIATES, PC**
Steven T. Lowe (SBN 122208)
steven@lowelaw.com
Aleksandra Hilvert (SBN 258463)
aleksandra@lowelaw.com
8383 Wilshire Blvd, Suite 1038
Beverly Hills, California 90211

**ROBINS KAPLAN LLP**
Patrick M. Arenz
(MN Bar No. 0386537) (*Pro hac vice*)
parenz@robinskaplan.com
Brandon J. Pakkebier
(MN Bar No. 0400691) (*Pro hac vice*)
bpakkebier@robinskaplan.com
800 LaSalle Avenue
Suite 2800
Minneapolis, Minnesota  55402
Telephone:  612 349 8500
Facsimile:   612 339 4181

*Attorneys for Plaintiffs*
*Arthur Lee Alfred, II, et al.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE ALFRED, II, et al., <br><br>Plaintiff, <br><br>v. <br><br>WALT DISNEY PICTURES, <br><br>Defendant. | Case No. 2:18-CV-08074-CBM-ASx <br><br>**PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION OF DEFENDANT WALT DISNEY PICTURES (TOPICS: 1-37)** |

**EXHIBIT 1**

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Arthur Lee Alfred, II and Ezequiel Martinez, Jr. will take the deposition of a person or persons designated by Defendant Walt Disney Pictures regarding the topics set forth below.

The deposition shall occur on June 16, 2022 at 9:00 a.m. (Pacific Time) at the offices of Robins Kaplan, LLP, 2049 Century Park East, Suite 3400, Los Angeles, CA 90067 or at a mutually convenient time and location agreed to by the parties. The deposition will be taken before a court reporter or other person authorized to administer oaths, and will continue thereafter until completed, excluding holidays and weekends. The deposition may be recorded by stenographic and/or videographic means.

Walt Disney Pictures is required to designate one or more officers, directors, managing agents, or other persons to testify on its behalf regarding the topics set forth below about information known or reasonably available to the organization. The failure to designate a person who is prepared to testify on the topics below may be treated as a failure to comply with a deposition notice, and Arthur Lee Alfred, II and Ezequiel Martinez, Jr. reserve all rights to seek redress, including sanctions, for any such failure.

## DEFINITIONS

1. The term "Disney" shall mean Defendant Walt Disney Pictures, and include without limitation any parent, subsidiary, division, affiliated corporation, as stipulated to on January 14, 2021. See Dkt. No. 121 ¶ 7.

2. The term "Plaintiffs" shall mean Plaintiffs Arthur Lee Alfred, II and Ezequiel Martinez, Jr.

3. The term "*Pirate*s film" shall mean the 2003 film Disney released entitled *Pirates of the Caribbean: The Curse of the Black Pearl*.

**EXHIBIT 1**
- 7 -

4. The term "the Screenplay" shall mean Plaintiffs' 2000 screenplay entitled Pirates of the Caribbean.

5. The term "the Sequels" shall mean the films Disney released entitled Pirates of the Caribbean: Dead Man's Chest (released 2006), Pirates of the Caribbean: At World's End (released 2007), Pirates of the Caribbean: On Stranger Tides (released 2011), and Pirates of the Caribbean: Dead Men Tell No Tales (released 2017).

6. The term "Pirates of the Caribbean franchise" shall mean the collection of films marketed as the Pirates of the Caribbean series of films.

7. The term "the Ride" shall mean the Pirates of the Caribbean amusement park attraction located at Disneyland Park in Anaheim, California.

8. The term "Surrell's Book" shall mean the book Pirates of the Caribbean: From the Magic Kingdom to the Movies, written by Jason Surrell and published in 2006 with the ISBN 978-1423107095.

9. The terms "document" and "documents" shall be understood broadly, and are used as defined in Rule 34(a) of the Federal Rules of Civil Procedure, without limitation as to the type of document (whether copy or original) and/or electronically stored information, and shall include without limitation writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in any medium from which information can be obtained, translated if necessary into reasonably usable form.

10. The terms "communication" and "communications" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise, whether made orally, in paper form, or by electronic means, including but not limited to notes—handwritten, typed, or otherwise—letters, memoranda,

**EXHIBIT 1**
- 8 -

telegrams, recorded phone conversations, voicemail, text message, e-mail, and instant messaging.

11. The term "relating to" as used herein includes, but is not limited to, the following meanings: bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, in connection with, pertaining to, respecting, regarding, responding to, or in any way logically or factually relevant to the matter described in the topic.

12. The terms "person" and "persons" shall mean any individual, corporation, firm, partnership, governmental body, incorporated or unincorporated association, and any other legal or commercial entities. The acts and knowledge of a "person" as used herein is also defined to embrace acts and knowledge of directors, employees, officers, agents, representatives, consultants, or other persons (including attorneys) acting on behalf of the "person."

13. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a topic.

**EXHIBIT 1**
- 9 -

## TOPICS

1. Disney's Weekend Read practices and routines.
2. Disney's Weekend Read list for August 18, 2000.
3. Individuals who participated in, or who based on the ordinary course of business were expected to participate in, Disney's Weekend Read in August 2000.
4. Disney's access to, communications about, and review and analysis of the Screenplay.
5. Disney's maintenance and manner of storage of the Screenplay.
6. Disney's communications about either of the Plaintiffs or Tova Laiter that pre-date the release of the *Pirates* film.
7. Disney's timeline, analysis, and decision to greenlight the *Pirates* film.
8. The creation, content, versions, transmission of, chain of custody, and manner of storage of the treatment for the *Pirates* film.
9. Communications with potential or actual screenwriters about the *Pirates* film that pre-date the release of the *Pirates* film.
10. The conception and development of the *Pirates* film.
11. Meetings and communications involving Brigham Taylor, Nina Jacobson, or Dick Cook regarding the development of the *Pirates* film from conception through June 1, 2002.
12. Notes provided by Disney on draft scripts for the *Pirates* film.
13. Disney's publication of Surrell's Book and statements in the book about the conception, development, release, and reaction of the *Pirates* film.
14. The terms of Disney's business relationship with Bruckheimer Films during the development of the *Pirates* film.

**EXHIBIT 1**
- 10 -

15. Disney's meetings and communications with Terry Rossio or Ted Elliott about the *Pirates* film before June 1, 2002.

16. Disney's communications with individuals at Bruckheimer Films about the *Pirates* film between November 2, 2001 and June 1, 2002.

17. The *Pirates* film, including the story, sequence of events, tone, characters, theme, and pace.

18. The relationship or connection between the *Pirates* film and the Sequel films.

19. Meetings involving Disney and the Plaintiffs about Red Hood.

20. The creation, maintenance, and manner of storage of records collected and produced in this Litigation from the *Mathew* litigation.

21. The creation, maintenance, and manner of storage of documents bates-numbered WDP0041496 and WDP0068126.

22. Sources of revenue from 2014 through present received by Disney related to the *Pirates* film and how those sources are determined and accounted for by Disney.

23. Costs and expenses from 2014 through present related to the *Pirates* film and how those costs and expenses are determined and accounted for by Disney.

24. How each line item presented in Exhibit A to Disney's February 4, 2022 Responses and Objections to Plaintiffs' First Set of Interrogatories is calculated, including:

    a. Total Revenues;
    b. Distribution Overhead;
    c. Total Distribution Expenses;
    d. Residual;
    e. Participation;

**EXHIBIT 1**
- 11 -

      f. Production Costs; and

      g. Net Income to Disney.

25. Sources of revenue from 2014 through present received by Disney related to each Sequel and how those sources are determined and accounted for by Disney.

26. Costs and expenses from 2014 through present related to each Sequel and how those costs and expenses are determined and accounted for by Disney.

27. Compensation paid to individuals who received profit participation for the *Pirate* film.

28. How the compensation paid to individuals with profit participation related to the *Pirates* film is calculated based on the financial performance of the film and the terms of the contract(s) governing the compensation of individuals who received profit participation.

29. The terms governing compensation paid to individuals who received profit participation related to the *Pirates* film.

30. Disney's analysis and decision to develop the Pirates of the Caribbean franchise from the *Pirates* film.

31. The factual basis for Disney's contention as to the apportionment of Disney's profits from the *Pirates* film attributable to the alleged infringement of the Screenplay.

32. The factual basis for Disney's contention as to the apportionment of Disney's profits from the Sequels for purposes of indirect profits of the *Pirates* film.

33. The elements of the Ride that existed from opening through August 7, 2000.

**EXHIBIT 1**
- 12 -

34. Disney's contention about the Plaintiffs' alleged misappropriation of Disney's intellectual property.

35. Disney's copyright registrations in the *Pirates* film, the Sequels, and the Ride.

36. Disney's alleged reliance on any conduct by the Plaintiffs for its equitable estoppel defense.

37. Disney's alleged detrimental loss as a result of any reliance on Plaintiffs' conduct.

Dated: May 23, 2022                           By:  /s/ Patrick M. Arenz
                                              **ROBINS KAPLAN LLP**
                                              Patrick M. Arenz (*pro hac vice*)

                                              *Attorneys for Plaintiffs*
                                              *Arthur Lee Alfred, II, et al.*

**EXHIBIT 1**
- 13 -