1

**LOWE & ASSOCIATES, PC**
Steven T. Lowe (SBN 122208)
steven@lowelaw.com
Aleksandra Hilvert (SBN 258463)
aleksandra@lowelaw.com
8383 Wilshire Blvd., Suite 1038
Beverly Hills, California  90211

2

3

4

5

**ROBINS KAPLAN LLP**
Patrick M. Arenz
(MN Bar No. 0386537) (pro hac vice)
PArenz@RobinsKaplan.com
Brandon J. Pakkebier
(MN Bar No. 0400691) (pro hac vice)
BPakkebier@RobinsKaplan.com
800 LaSalle Avenue
Suite 2800
Minneapolis, Minnesota  55402
Telephone:  612 349 8500
Facsimile:   612 339 4181

6

7

8

9

10

11

12

*Attorneys for Plaintiffs*
*Alfred Lee Alfred, II, et al.*

13

14

UNITED STATES DISTRICT COURT

15

CENTRAL DISTRICT OF CALIFORNIA

16

17

ARTHUR LEE ALFRED, II, et al.,

Case No. 2:18-CV-08074-CBM-ASx

18

Plaintiffs,

**DECLARATION OF BRANDON J. PAKKEBIER**

19

v.

20

WALT DISNEY PICTURES,,

21

Defendant.

Judge:  Hon. Consuelo B. Marshall
Location: Courtroom 8B

22

23

24

25

26

27

28

## DECLARATION OF BRANDON J. PAKKEBIER

I, Brandon J. Pakkebier, declare:

1.      I am one of the attorneys representing Plaintiffs Arthur Lee Alfred II and Ezequiel Martinez, Jr. in this action. I have been admitted to practice before this Court *pro hac vice* for this matter. I am also admitted to practice before all courts in the State of Delaware and the State of Minnesota, as well as before the United States District Court for the District of Delaware and for the District of Minnesota. The facts stated herein are personally known to me and I could and would testify competently thereto if called upon as a witness under oath.

2.      Attached as **Exhibit 1** is a true and correct copy of Defendant Walt Disney Pictures' ("Disney") Initial Disclosures, served on January 29, 2021.

3.      Attached as **Exhibit 2** is a true and correct copy of Disney's Supplemental Initial Disclosures, served on June 13, 2022.

4.      Plaintiffs served their first set of discovery requests in this matter on January 5, 2022. They served both a First Set of Interrogatories and a First Set of Requests for Production. Attached as **Exhibit 3** is a true and correct copy of an excerpt of Disney's responses to Interrogatory Nos. 4-5 in Plaintiffs' First Set of Interrogatories, served on February 4, 2022.

5.      Plaintiffs first requested availability for the depositions of Jerry Bruckheimer, Nina Jacobson, Brigham Taylor, Terry Rossio, Ted Elliott, Stuart Beattie, and Jay Wolpert on January 3, 2022.

6.      Plaintiffs deposed Jerry Bruckheimer on March 22, 2022.

7.      Plaintiffs deposed Nina Jacobson on March 29, 2022.

8.      Plaintiffs deposed Brigham Taylor on March 24, 2022.

9.      Plaintiffs deposed Ted Elliott on April 27, 2022.

10.      Plaintiffs did not take the depositions of Terry Rossio, Stuart Beattie, or Jay Wolpert.

1      11.    Plaintiffs took the corporate, Rule 30(b)(6) deposition of Disney on

2  June 23, 2022 for non-financial topics.

3      12.    Disney did not request availability for the depositions of Tova Laiter,

4  Ezequiel Martinez, Jr., or Arthur Lee Alfred, II until May 18, 2022.

5      13.    Disney noticed the deposition of Ezequiel Martinez, Jr. for June 15,

6  2022.

7      14.    Disney noticed the deposition of Arthur Lee Alfred, II for June 17,

8  2022.

9      15.    Disney noticed the deposition of Tova Laiter for June 27, 2022.

10

11      I declare under the penalty of perjury under the laws of the United States of

12  America that the foregoing is true and correct.

13      Executed on the 24th of June, 2022 in Minneapolis, Minnesota.

14

15                                          */s/ Brandon J. Pakkebier*

16                                          Brandon J. Pakkebier

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

MARK R. YOHALEM (State Bar No. 243596)
mark.yohalem@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
ROBIN GRAY (State Bar No. 316544)
robin.gray@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE ALFRED, II, an individual; AND EZEQUIEL MARTINEZ, JR., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PICTURES, a California company,<br><br>Defendant, | Case No. 2:18-CV-08074-CBM-AS<br><br>**DEFENDANT WALT DISNEY PICTURES' RULE 26(a)(1) INITIAL DISCLOSURES**<br><br>Judge:  Hon. Consuelo Marshall<br><br>Compl. Filed:   Nov. 14, 2017<br>FAC Filed:   Nov. 30, 2020<br>Trial Date:   TBD |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Court's order dated January 19, 2021 (Dkt. 122), Defendant Walt Disney Pictures ("WDP") makes the following initial disclosures to Plaintiffs Arthur Lee Alfred, II and Ezequiel Martinez, Jr. ("Plaintiffs").

## GENERAL STATEMENT

1.      WDP's investigation and discovery in this action is continuing, and these disclosures reflect only the current status of its investigation and discovery of the allegations and claim in Plaintiffs' First Amended Complaint.  WDP reserves the right to supplement or amend these disclosures as additional information becomes known to it, or if Plaintiffs amend their allegations and claims, although WDP undertakes no affirmative obligation to do so beyond any obligations imposed by law.

2.      WDP construes the requirements of Rule 26(a)(1) not to require the production or disclosure of any information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure.  WDP intends to and does assert a privilege over or right not to produce all such information and documents.  Inadvertent disclosure shall not constitute a waiver of any such privilege or other legal protection.

3.      These initial disclosures are made without waiving WDP's rights (1) to object to the admission or discoverability of any materials or testimony on any proper ground, (2) to object to the use of any information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other; or (3) to object on any and all proper grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these disclosures.

4.      This General Statement is incorporated in its entirety into each of the following disclosures.  It shall be deemed continuing as to each such disclosure, and it is not waived, or in any way limited, by the following disclosures.

# INITIAL DISCLOSURES

## I.      Individuals; Rule 26(a)(1)(A)(i)

WDP provides the following list of individuals who are likely to have discoverable information that WDP may use to support its defense, other than solely for impeachment.

| Name | Subject(s) of Information | Location |
|------|---------------------------|----------|
| Arthur Lee Alfred, II | The claims asserted by Plaintiffs; the development of the Screenplay[1]; WDP's access to the Screenplay. | Plaintiff. |
| Ezequiel Martinez, Jr. | The claims asserted by Plaintiffs; the development of the Screenplay; WDP's access to the Screenplay. | Plaintiff. |
| Tova Laiter | The claims asserted by Plaintiffs; the development of the Screenplay; WDP's access to the Screenplay. | Unknown. |
| Brigham Taylor | WDP's access to the Screenplay; independent conception and creation of the motion pictures in the *Pirates of the Caribbean* franchise. | May be contacted through WDP's counsel. |
| Ted Elliott | WDP's access to the Screenplay; independent conception and creation of the motion pictures in the *Pirates of the Caribbean* franchise. | May be contacted through WDP's counsel. |

---

[1] In these initial disclosures, the term "the Screenplay" refers to the screenplay allegedly drafted by Plaintiffs and attached as Exhibit 2 to the First Amended Complaint.  *See* Dkt. 112-2.

| Terry Rossio | WDP's access to the Screenplay; independent conception and creation of the motion pictures in the *Pirates of the Caribbean* franchise. | May be contacted through WDP's counsel. |
|---|---|---|
| Stuart Beattie | WDP's access to the Screenplay; independent conception and creation of the motion pictures in the *Pirates of the Caribbean* franchise. | May be contacted through WDP's counsel. |
| Jay Wolpert | WDP's access to the Screenplay; independent conception and creation of the motion pictures in the *Pirates of the Caribbean* franchise. | May be contacted through WDP's counsel. |
| Fact witness regarding "Pirates of the Caribbean" theme park attraction | Original elements of theme park attraction. | May be contacted through WDP's counsel. |

## II.    Category and Location of Documents; Rule 26(a)(1)(A)(ii)

WDP provides the following list of the categories of documents, electronically stored information, and tangible things that WDP may use to support its defense, other than solely for impeachment.  WDP provides this list without conceding the discoverability of any particular category of information or documents.

| Documents | Location |
|---|---|
| Documents relating to the independent creation of *Pirates of the Caribbean: The Curse of the Black Pearl*. | WDP or affiliates. |

| Documents, if any, relating to Plaintiffs' alleged submission of the Screenplay to WDP and/or its affiliates or employees. | WDP or affiliates; Plaintiffs; third party Tova Laiter. |
|---|---|
| Documents supporting WDP's position that the Screenplay and *Pirates of the Caribbean: Curse of the Black Pearl* are not substantially similar. | WDP or affiliates; third parties. |
| Documents supporting WDP's position that the elements of the Screenplay that Plaintiffs claim are infringed are not elements as to which Plaintiffs may assert copyright ownership. | WDP or affiliates; Plaintiffs; third parties. |
| Prior drafts or alternative versions of the Screenplay. | Plaintiffs and third party Tova Laiter. |
| Documents demonstrating Plaintiffs' access to and reliance on Disneyland's "Pirates of the Caribbean" theme park attraction in drafting the Screenplay. | Plaintiffs and third party Tova Laiter. |

## III.    Damages; Rule 26(a)(1)(A)(iii)

WDP does not currently seek damages in this action.  WDP reserves all rights with respect to the recovery of its attorney's fees and costs.

## IV.    Insurance; Rule 26(a)(1)(A)(iv)

WDP has an insurance policy that may apply to the defense of this action and any judgment.  The primary insurer on coverage is Illinois Union Insurance Company.


DATED:  January 29, 2021                    MUNGER, TOLLES & OLSON LLP


By:      */s/ Jordan D. Segall*
                    JORDAN D. SEGALL
                    Attorneys for Defendant Walt Disney Pictures

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 350 South Grand Avenue, 50th Floor, Los Angeles, CA 90071-3426.

On January 29, 2021, I served true copies of the following document(s) described as **DEFENDANT WALT DISNEY PICTURES' RULE 26(A)(1) INITIAL DISCLOSURES** on the interested parties in this action as follows:

STEVEN T. LOWE                          *Attorneys for Plaintiffs*
steven@lowelaw.com
ALEKSANDRA HILVERT
aleksandra@lowelaw.com
HEATHER COLE
heather@lowelaw.com
LOWE & ASSOCIATES
8383 Wilshire Boulevard, Suite
1038 Beverly Hills, CA 90211
(310) 477-5811

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address Jordan.Segall@mto.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 29, 2021, at Los Angeles, California.


　　　　　　　　　　　　　　　　　*/s/ Jordan D. Segall*
　　　　　　　　　　　　　　　　　Jordan D. Segall

# EXHIBIT 2

1 | KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
2 | JORDAN D. SEGALL (SBN 281102)
Jordan.Segall@mto.com
3 | ROSE LEDA EHLER (SBN 296523)
Rose.Ehler@mto.com
4 | JULIANA M. YEE (SBN 304564)
Juliana.Yee@mto.com
5 | MICA MOORE (SBN 321473)
Mica.Moore@mto.com
6 | MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
7 | Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
8 | Facsimile:    (213) 687-3702

9 | Attorneys for Defendant

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

13 | ARTHUR LEE ALFRED, II, an individual; AND EZEQUIEL MARTINEZ, JR., an individual,

Case No. 2:18-CV-08074-CBM-ASx

**DEFENDANT WALT DISNEY PICTURES' SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES**

16 | Plaintiffs,

17 | v.

18 | WALT DISNEY PICTURES, a California company,

20 | Defendant,

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Walt Disney Pictures ("WDP") makes the following supplemental disclosures to Plaintiffs Arthur Lee Alfred, II and Ezequiel Martinez, Jr. ("Plaintiffs").

## **GENERAL STATEMENT**

1.     WDP's investigation and discovery in this action is continuing, and these disclosures reflect only the current status of its investigation and discovery of the allegations and claim in Plaintiffs' First Amended Complaint.  WDP reserves the right to supplement or amend these disclosures as additional information becomes known to it, or if Plaintiffs amend their allegations and claims, although WDP undertakes no affirmative obligation to do so beyond any obligations imposed by law.

2.     WDP construes the requirements of Rule 26(a)(1) not to require the production or disclosure of any information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure.  WDP intends to and does assert a privilege over or right not to produce all such information and documents.  Inadvertent disclosure shall not constitute a waiver of any such privilege or other legal protection.

3.     These initial disclosures are made without waiving WDP's rights (1) to object to the admission or discoverability of any materials or testimony on any proper ground, (2) to object to the use of any information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other; or (3) to object on any and all proper grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these disclosures.

4.     This General Statement is incorporated in its entirety into each of the following disclosures.  It shall be deemed continuing as to each such disclosure, and it is not waived, or in any way limited, by the following disclosures.

# SUPPLEMENTAL DISCLOSURES

## I.      Individuals; Rule 26(a)(1)(A)(i)

WDP provides the following list of individuals who are likely to have discoverable information that WDP may use to support its defense, other than solely for impeachment.

| Name | Subject(s) of Information | Location |
|---|---|---|
| Arthur Lee Alfred, II | The claims asserted by Plaintiffs; the development of the Screenplay[1]; WDP's access to the Screenplay. | Plaintiff. |
| Ezequiel Martinez, Jr. | The claims asserted by Plaintiffs; the development of the Screenplay; WDP's access to the Screenplay. | Plaintiff. |
| Tova Laiter | The claims asserted by Plaintiffs; the development of the Screenplay; WDP's access to the Screenplay. | Unknown. |
| Brigham Taylor | WDP's access to the Screenplay; independent conception and creation of *Pirates of the Caribbean: The Curse of the Black Pearl* and sequel films. | May be contacted through WDP's counsel. |
| Nina Jacobson | Independent conception and creation of *Pirates of the Caribbean: The Curse of the Black Pearl.* | May be contacted through WDP's counsel. |
| Ted Elliott | Independent conception and creation of *Pirates of the* | May be contacted through WDP's counsel. |

---

[1] In these supplemental disclosures, the term "the Screenplay" refers to the screenplay allegedly drafted by Plaintiffs and attached as Exhibit 2 to the First Amended Complaint.  *See* Dkt. 112-2.

| | | |
|---|---|---|
| | *Caribbean: The Curse of the Black Pearl.* | |
| Terry Rossio | Independent conception and creation of *Pirates of the Caribbean: The Curse of the Black Pearl.* | May be contacted through WDP's counsel. |
| Stuart Beattie | Independent conception and creation of *Pirates of the Caribbean: The Curse of the Black Pearl.* | May be contacted through WDP's counsel. |
| Josh Harmon | Independent conception and creation of *Pirates of the Caribbean: The Curse of the Black Pearl.* | Phone: 801-319-0694 |
| Michael Haynes | Independent conception and creation of *Pirates of the Caribbean: The Curse of the Black Pearl.* | Unknown |
| Jerry Bruckheimer | Independent conception and creation of *Pirates of the Caribbean: The Curse of the Black Pearl.* | May be contacted through WDP's counsel. |
| Chad Oman | Independent conception and creation of *Pirates of the Caribbean: The Curse of the Black Pearl.* | May be contacted through WDP's counsel. |
| Mike Stenson | Independent conception and creation of *Pirates of the Caribbean: The Curse of the Black Pearl.* | May be contacted through WDP's counsel. |

## II.   Category and Location of Documents; Rule 26(a)(1)(A)(ii)

WDP provides the following list of the categories of documents, electronically stored information, and tangible things that WDP may use to support its defense, other than solely for impeachment.  WDP provides this list without

conceding the discoverability of any particular category of information or documents.

| Documents | Location |
|---|---|
| Documents relating to the independent creation of *Pirates of the Caribbean: The Curse of the Black Pearl*. | WDP or affiliates. |
| Documents, if any, relating to Plaintiffs' alleged submission of the Screenplay to WDP and/or its affiliates or employees. | WDP or affiliates; Plaintiffs; third party Tova Laiter. |
| Documents supporting WDP's position that the Screenplay and *Pirates of the Caribbean: Curse of the Black Pearl* are not substantially similar. | WDP or affiliates; third parties. |
| Documents supporting WDP's position that the elements of the Screenplay that Plaintiffs claim are infringed are not elements as to which Plaintiffs may assert copyright ownership. | WDP or affiliates; Plaintiffs; third parties. |
| Prior drafts or alternative versions of the Screenplay. | Plaintiffs and third party Tova Laiter. |
| Documents demonstrating Plaintiffs' access to and reliance on Disneyland's "Pirates of the Caribbean" theme park attraction in drafting the Screenplay. | Plaintiffs and third party Tova Laiter. |

## III.   Damages; Rule 26(a)(1)(A)(iii)

WDP does not currently seek damages in this action.  WDP reserves all rights with respect to the recovery of its attorney's fees and costs.

## IV.   Insurance; Rule 26(a)(1)(A)(iv)

WDP has an insurance policy that may apply to the defense of this action and any judgment.  The primary insurer on coverage is Illinois Union Insurance Company.

1    DATED:  June 13, 2022          MUNGER, TOLLES & OLSON LLP

2

3                               By:     */s/ Juliana M. Yee*

                                       JULIANA M. YEE

4                           Attorneys for Defendant Walt Disney Pictures

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WALT DISNEY PICTURES' SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES

1

## **PROOF OF SERVICE**

2

*Arthur Lee Alfred, II, et al v. Walt Disney
Pictures* Case No. 2:18-CV-08074-CBM-ASx

3

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

4

5

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is 560 Mission Street, 27th Floor, San Francisco, CA 94105.

6

On June 13, 2022, I served true copies of the following document(s) described as

7

8

**DEFENDANT WALT DISNEY PICTURES' SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES**

9

on the interested parties in this action as follows:

10

STEVEN T. LOWE                              *Attorneys for Plaintiffs*
*steven@lowelaw.com*

11

ALEKSANDRA HILVERT
*aleksandra@lowelaw.com*

12

LOWE & ASSOCIATES, PC
8383 Wilshire Boulevard, Suite 1038

13

Beverly Hills, CA 90211
Tel: (310) 477-5811

14

15

PATRICK M. ARENZ                            *Attorneys for Plaintiffs*
*parenz@robinskaplan.com*

16

BRANDON J. PAKKEBIER
*bpakkebier@robinskaplan.com*

17

ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402

18

Tel: (612) 349-8500

19

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address Stephanie.Ferrell@mto.com to the persons at the e-mail addresses listed in the Service List after such parties agreed to electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E).  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

20

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24

Executed on June 13, 2022, at San Francisco, California.

25

26

_____

27

Stephanie Ferrell

28

# EXHIBIT 3

1  KELLY M. KLAUS (SBN 161091)
   kelly.klaus@mto.com
2  JORDAN D. SEGALL (State Bar No. 281102)
   jordan.segall@mto.com
3  ROSE L. EHLER (State Bar No. 296523)
   rose.ehler@mto.com
4  JULIANA M. YEE (State Bar No. 304564)
   juliana.yee@mto.com
5  ROBIN S. GRAY (State Bar No. 316544)
   robin.gray@mto.com
6  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, 50th Floor
7  Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
8  Facsimile:   (213) 687-3702

9  *Attorneys for Defendant Walt Disney*
   *Pictures*

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14  ARTHUR LEE ALFRED, II et al.,        | Case No. 2:18-CV-08074-CBM-ASx

15           Plaintiffs,                  | **DEFENDANT'S RESPONSES AND**
                                          | **OBJECTIONS TO PLAINTIFFS'**
16           v.                           | **FIRST SET OF**
                                          | **INTERROGATORIES**
17  WALT DISNEY PICTURES,
                                          | Judge:  Hon. Consuelo Marshall
18           Defendant,
                                          | Complaint Filed: Nov. 14, 2017
19                                        | (D.C. Colo. No. 1:17-CV-02729)

20
                                          | Pretrial Conference:  Jan. 9, 2023
21                                        | Trial Date:  Feb. 7, 2023

22

23  PROPOUNDING PARTY:      PLAINTIFFS

24  RESPONDING PARTY:       WALT DISNEY PICTURES

25  SET NO.:                ONE

26

27

28

1  WDP's investigation is ongoing, and WDP reserves the right to supplement
2  this response.

3  **INTERROGATORY NO. 4:**

4  Describe in detail each independent conception, consideration, or analysis at
5  Disney of any idea for a potential film relating to the Pirates of the Caribbean ride
6  before the release of the Pirates of the Caribbean film, including the individuals
7  involved, the date(s), and a summary of the idea.

8  **RESPONSE TO INTERROGATORY NO. 4:**

9  WDP incorporates its Prefatory Statement, General Objections, and
10  Objections to Plaintiffs' Definitions and Instructions.  WDP further objects to this
11  Interrogatory insofar as describing WDP's "independent conception, consideration,
12  or analysis" is vague, ambiguous, and calls for a legal conclusion.  WDP further
13  objects to the extent this Interrogatory is overly broad, unduly burdensome, and not
14  proportional to the needs of this case insofar as it seeks "any" idea for a potential
15  film "relating to" the Ride, and will respond with descriptions of ideas for potential
16  films relating to the Ride that it identified after a reasonably diligent inquiry.  WDP
17  further objects to the phrase "summary of the idea," as it is subject to multiple
18  interpretations.

19  Subject to and without waiving the foregoing objections, WDP responds as
20  follows: In the mid-1990s, WDP considered a direct-to-video children's project
21  titled *Pirates of the Caribbean* based on the Ride.  In the same time period, WDP
22  considered an animated children's television series based on the Ride.

23  In 1992, Terry Rossio and Ted Elliott developed and pitched to WDP an idea
24  for a *Pirates of the Caribbean* movie that included elements drawn from the Ride.

25  In 2000, Brigham Taylor, vice president of production; Michael Haines, a
26  creative executive; and Josh Harmon, a veteran story department employee, held
27  regular story sessions during which they would meet to discuss feature length
28  movies they would like to see developed.  During these sessions, Taylor, Haines,

1  and Harmon discussed the idea of a pirate feature length movie titled *Pirates of the*

2  *Caribbean*, based on the Ride.  The three individuals worked to develop the first

3  draft of the treatment of the film that became *The Curse*.

4      WDP also directs Plaintiffs to its forthcoming document production, which

5  will include non-privileged documents, if any, that are located after a reasonably

6  diligent search and responsive to Plaintiffs' Request for Production of Documents in

7  the same categories as set forth in this Interrogatory.

8      WDP's investigation is ongoing, and WDP reserves the right to supplement

9  this response.

10  **INTERROGATORY NO. 5:**

11      Identify who at, and on what date, Disney conceived of the concept for the

12  Pirates of the Caribbean film and identify by bates numbers documents which

13  corroborate that conception.

14  **RESPONSE TO INTERROGATORY NO. 5:**

15      WDP incorporates its Prefatory Statement, General Objections, and

16  Objections to Plaintiffs' Definitions and Instructions.  WDP further objects to this

17  Interrogatory as vague and ambiguous insofar as it seeks the identity of individuals

18  who "conceived of the concept" of the Film.  The Film is based on innumerable

19  "concepts," some of which include stock elements of the pirate genre going back

20  decades or longer, and some of which related to the creation of the Ride in the

21  1960s.  WDP further objects to this Interrogatory on the ground that the request to

22  identify corroborating documents by bates number is unduly burdensome and seeks

23  to impose obligations on WDP that are in excess of those imposed by the Federal

24  Rules of Civil Procedure, the Local Rules, and Orders of this Court.

25      Subject to and without waiving the foregoing objections, WDP responds as

26  follows: In approximately early-to-mid 2000, Brigham Taylor, Michael Haines, and

27  Josh Harmon worked to develop a written treatment for a feature *Pirates of the*

28  *Caribbean* motion picture.  On July 8, 2000, Taylor, Haines, and Harmon sent that

1  treatment to Nina Jacobson.  That treatment led to the development of scripts

2  identified in WDP's response to Interrogatory No. 3, which relate to *The Curse*.

3       WDP directs Plaintiffs to its forthcoming document production, which will

4  include non-privileged documents, if any, that are located after a reasonably diligent

5  search and responsive to Plaintiffs' Request for Production of Documents in the

6  same categories as set forth in this Interrogatory.

7       WDP's investigation is ongoing, and WDP reserves the right to supplement

8  this response.

9  **INTERROGATORY NO. 6:**

10      Identify each person with whom you or your representatives shared the first

11 draft treatment, outline, or script of the Pirates of the Caribbean film.

12 **RESPONSE TO INTERROGATORY NO. 6:**

13      WDP incorporates its Prefatory Statement, General Objections, and

14 Objections to Plaintiffs' Definitions and Instructions.  WDP further objects that the

15 phrase "first draft treatment, outline, or script" is vague and ambiguous, in part

16 because the terms "treatment," "outline," or "script" mean different things to

17 different people, even within the motion picture industry.  WDP construes the term

18 "treatment" to refer to a description of a story idea that is not in screenplay or other

19 form.  WDP further objects that this Interrogatory is compound, as the first person

20 with whom WDP shared the "first draft treatment" may be different from the first

21 person with whom WDP shared the first "script," and will depend on how those

22 terms are defined.  WDP construes this Interrogatory to seek identification of the

23 persons with whom WDP shared the first treatment, outline, or script—whichever

24 existed first—of the Film.

25      Subject to and without waiving the foregoing objections, WDP responds as

26 follows: Brigham Taylor, Michael Haines, and Josh Harmon prepared the first draft

27 treatment of a feature length motion picture that would become *The Curse*.  They

28 shared the draft treatment with Nina Jacobson, then President of Buena Vista